DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Jason Lytle, appeals from the judgment of the Lorain County Court of Common Pleas, which granted summary judgment in favor of Appellee, James McClain. We affirm.
 I. {¶ 2} On December 21, 2001, Appellant filed a complaint with the Lorain County Court of Common Pleas, alleging claims of legal malpractice and spoliation of evidence against Appellee.[1]
The claims arose from Appellee's representation of Appellant in connection with his pursuit of visitation rights with the child of Pamela Bishop, his estranged girlfriend.
 {¶ 3} Appellee filed a motion for summary judgment on May 1, 2003. He supported that motion with his own deposition, along with the deposition of Appellant and the affidavit of George Glavinos, the attorney who represented Pamela Bishop. Appellant responded with a memorandum in opposition to summary judgment, which he supported with his own deposition and affidavit, the deposition of Appellee, and the affidavits and reports of two expert witnesses.
 {¶ 4} On October 24, 2003, the trial court granted Appellee's motion for summary judgment.
 {¶ 5} This appeal followed. Appellant has raised two assignments of error for our review. For ease of review, we address the two assignments of error together.
 II. Assignment of Error No. 1
"Standing alone, the lower court's grant of summary judgment was erroneous because appellee failed to submit independent expert testimony."
 Assignment of Error No. 2
"The lower court erred in granting summary judgment when genuine issues of material fact existed as to appellee's breach of the standard of care."
 {¶ 6} In both of his assignments of error, Appellant argues that the trial court erred by granting summary judgment in favor of Appellee. We disagree.
 {¶ 7} We begin our analysis by noting the appropriate standard of review. An appellate court reviews an award of summary judgment de novo. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. We apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12.
 {¶ 8} Pursuant to Civil Rule 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 9} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. Dresher v. Burt (1996),75 Ohio St.3d 280, 292-293. The non-moving party must then present evidence that some issue of material fact remains for the trial court to resolve. Id. at 293.
 {¶ 10} In order to establish a claim of legal malpractice based upon negligent representation, a plaintiff must show that (1) the attorney owed a duty or obligation to the plaintiff, (2) the attorney breached that duty or obligation by failing to conform to the standard of care, and (3) there is a causal connection between the conduct complained of and the resulting damage. Vahila v. Hall (1997), 77 Ohio St.3d 421, 427.
 {¶ 11} Where, as in the instant case, the non-moving party would have the burden of proving a number of elements in order to prevail at trial, the party moving for summary judgment may point to evidence that the non-moving party cannot possibly prevail on an essential element of the claim. See, e.g., Stivison v.Goodyear Tire Rubber Co. (1997), 80 Ohio St.3d 498, 499. The burden would then shift to the non-moving party to show that there is a genuine issue of material fact as to that element.Dresher, 75 Ohio St.3d at 293.
 {¶ 12} In both of his assignments of error, Appellant has focused almost entirely upon the second element essential to his legal malpractice claim: that the Appellee breached the duty he owed to Appellant by deviating from the relevant standard of care. However, we find that the third element essential to Appellant's legal malpractice claim, which requires a causal connection between the conduct complained of and the damages sustained by Appellant, is dispositive of this appeal.[2]
 {¶ 13} In the memorandum accompanying his motion for summary judgment, Appellee offered a detailed account of the events leading up to Appellant's malpractice claim against him. Appellee supported this account with citations to his own deposition and also to Appellant's deposition. The two depositions are not in conflict with respect to any of the following pertinent facts.
 {¶ 14} Appellant and Pamela Bishop began their romantic relationship in the spring of 1992. Shortly thereafter, Bishop and her then six-month-old son moved into Appellant's home. While Appellant was not biologically related to Bishop's son, he did develop a father-son relationship with the child. The three lived together for the next five years, until Bishop ended the relationship and moved out of the home, taking her son with her.
 {¶ 15} A few months later, in late 1997 or early 1998, Appellee agreed to represent Appellant in his effort to secure visitation rights with Bishop's son. On March 11, 1998, Appellee filed, on Appellant's behalf, a petition for visitation as an intervening party in Bishop's paternity action in the Lorain County Court of Common Pleas, Juvenile Division. Appellant and Appellee attempted to serve Bishop with notice of the motion, but were unable to locate her. On May 14, 1998, the trial court issued an order stating, in part, that it would grant no further continuances for service. On June 13, 1998, the trial court dismissed Appellant's motion without prejudice.
 {¶ 16} Appellant subsequently hired a private detective agency to locate Bishop. The agency located Bishop in November of 1998, and Appellee filed a new motion to intervene on November 19, 1998. The agency perfected service of process upon Bishop on December 2, 1998.
 {¶ 17} At the initial hearing on the new motion, Bishop's counsel argued that the motion should be dismissed on the ground that Appellant did not have standing to seek visitation with Bishop's son, since he is not the child's biological father. The trial court decided to bifurcate the proceeding, separating the issue of standing from the merits of Appellant's motion. The court scheduled a hearing on Appellant's standing to seek visitation for February 17, 1999.
 {¶ 18} Following that hearing, the court determined that Appellant did indeed have standing to seek visitation rights for Bishop's child. Bishop appealed that decision to this Court, which dismissed the appeal for lack of a final, appealable order. The trial court scheduled a hearing on the merits of Appellant's visitation request for late July, 1999.
 {¶ 19} According to Appellee, the trial court required a report evaluating the child's circumstances and providing a recommendation as to whether or not visitation with Appellant would be in the best interests of the child. Such a report could be produced by either a guardian ad litem or a court-appointed investigator. Because of his concerns about the biases of two of the people who might be appointed as guardian ad litem, Appellee chose to have the report prepared by a court-appointed investigator.
 {¶ 20} Appellee scheduled an appointment with the investigator for Appellant. However, Appellant failed to keep the appointment. Appellee scheduled a second appointment with the investigator, which Appellant also failed to keep. Before the date on which the second meeting was scheduled to occur, Appellant directed Appellee to dismiss the visitation motion and discharged Appellee from the case. Appellant continued to pursue visitation rights with Bishop's child, representing himself. Ultimately, Appellant's action was dismissed for want of prosecution, when he failed to appear at a hearing before the Cuyahoga County Court of Common Pleas, Juvenile Division.
 {¶ 21} Pointing to Appellant's failure to keep the two appointments with the court-appointed investigator, his decision to dismiss the visitation motion, and his failure to appear at the later hearing before the Cuyahoga County Court of Common Pleas, Appellee argued that he was entitled to judgment as a matter of law, because Appellant could not establish the element of causation essential to his malpractice claim. Specifically, Appellee maintained that Appellant could not establish that his damages were proximately caused by Appellee's performance, as any causal connection between the two was severed by Appellant's own conduct.
 {¶ 22} In his response to Appellee's motion for summary judgment, Appellant submitted the affidavit and report of Dr. Victoria Codispoti in support of the element of proximate cause and damages. In her report, Dr. Codispoti offered her professional opinion that Appellant "needs treatment for his current psychiatric disorder," and that this psychiatric disorder "is a direct result of the lengthy, difficult maneuvering required that has resulted in [Appellant] not being able to visit or be a part of the life of a child he deeply loved and cared for during a five and a half year period." Additionally, Appellant offered the report and affidavit of Susan K. Pritchard, an attorney whom Appellant identified as his expert on the issue of negligence. In her report, Pritchard offered her professional opinion that Appellee breached the duty he owed Appellant through ten separate acts and omissions. Pritchard further opined that Appellant suffered damages in the form of attorney's fees paid to Appellee in connection with the March 11 motion, and that "[Appellee's] failures to meet the minimum standard of care owed to [Appellant] denied him the right to a fair hearing and the potential for a relationship with [Bishop's son]." Pritchard did not provide further elaboration upon the causal connection between Appellee's performance and Appellant's damages.
 {¶ 23} Proximate causation entails "some reasonable connection between the act or omission of the defendant and the damage the plaintiff has suffered." R.H. Macy Co., Inc. v.Otis Elevator Co. (1990), 51 Ohio St.3d 108, 110, quoting Prosser Keeton, Law of Torts (5 Ed. 1984) 263, Section 4. This "reasonable connection" may be severed by an intervening act.Mudrich v. Standard Oil Co. (1950), 153 Ohio St. 31, 37. "Whether an intervening act breaks the causal connection between negligence and injury depends upon whether that intervening cause was reasonably foreseeable by the one who was guilty of the negligence." Id. at 39.
 {¶ 24} We find that the grant of summary judgment to Appellee was proper. In his motion for summary judgment, Appellee pointed to evidence showing that Appellant could not establish causation, one of the essential elements of his malpractice claim. Specifically, Appellee highlighted the undisputed facts that Appellant survived an initial obstacle to his case (the standing issue), only to miss critical appointments, dismiss his own action and fire his attorney just as he was on the brink of a hearing on the merits. Moreover, as Appellee pointed out, Appellant stymied his own pursuit of visitation rights a second time, by failing to appear at the hearing in Cuyahoga County. As Appellee maintained in his motion, and as our own review of the record confirms, the evidence before the trial court offers no suggestion that Appellant's intervening acts were reasonably foreseeable by Appellee.
 {¶ 25} In his response to Appellee's motion for summary judgment, Appellant failed to point to any evidence suggesting that his acts did not sever a causal connection between his injury and Appellee's performance. In fact, the evidence offered by Appellant, in the form of the reports and affidavits of two expert witnesses, fails to establish the existence of this causal connection in the first instance. Dr. Codispoti's report merely states that Appellant currently suffers from psychiatric injuries as a result of his separation from Bishop's son; nowhere in this report does Dr. Codispoti link this injury to Appellee's performance. In her report, Attorney Pritchard offers only a conclusory statement tying Appellee's performance to Appellant's injuries, with no exposition of the relationship between the two.
 {¶ 26} Because Appellee established that Appellant could not have prevailed on the causation element essential to his malpractice claim, summary judgment in favor of Appellee was proper. Appellant's two assignments of error are overruled.
 III. {¶ 27} Both of Appellant's assignments of error are overruled, and the judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, P.J., Whitmore, J., concur.
[1] As a preliminary matter, we note that Appellant has raised arguments in his brief relating to the trial court's disposition of his spoliation of evidence claim. However, both of Appellant's assignments of error challenge only the trial court's treatment of the legal malpractice claim. Therefore, we do not reach the trial court's disposition of the spoliation of evidence claim. See App.R. 12(A)(2).
[2] We need not and do not pass judgment upon the issue of negligence.