OPINION
{¶ 1} Plaintiff-appellant, Southern Ohio Gun Distributors, Inc. ("SOGD"), appeals the decision of the Warren County Court of Common Pleas granting summary judgment to defendant-appellee, City Agency, Inc. We affirm the common pleas court's decision.
 {¶ 2} SOGD is a wholesaler and distributor of handguns. City Agency was SOGD's primary insurance agent from 1986 to 1997. During that time, John Kimmerle, an insurance agent employed by City Agency, obtained various property, liability, and umbrella policies for SOGD.
 {¶ 3} In early 1997, SOGD's liability carrier notified City Agency that it was going to cancel its policy with SOGD. City Agency subsequently obtained a general liability policy from another insurance carrier, United Capitol Insurance Company. United Capitol was a "surplus lines" carrier whose coverage was not guaranteed by the Ohio Insurance Guaranty Association in the event United Capitol became insolvent. According to SOGD, City Agency did not inform SOGD about the difference between "surplus lines" carriers and "standard lines" carriers, and the risks associated with "surplus lines" carriers.
 {¶ 4} While the United Capitol policy was in effect, an individual filed a multi-million dollar lawsuit against SOGD in Massachusetts state court. At that time, United Capitol agreed to indemnify and defend SOGD pursuant to the terms of the general liability policy. However, before the case went to trial, United Capitol was declared insolvent in Illinois state court. SOGD did not have any other insurance policies that applied to the Massachusetts action, and therefore undertook its own defense. SOGD subsequently settled for $175,000 rather than risk a multi-million dollar verdict.
 {¶ 5} In June 2002, SOGD filed an action against City Agency in the common pleas court. SOGD alleged that City Agency was negligent in failing to advise SOGD of the risks of United Capitol's "surplus line" policy. According to SOGD's complaint, City Agency's negligence proximately caused SOGD to bear the $175,000 settlement cost.
 {¶ 6} In October 2003, City Agency filed a motion for summary judgment. SOGD filed a memorandum in opposition to City Agency's motion, as well as its own motion for partial summary judgment. A common pleas court magistrate subsequently issued a decision granting City Agency's summary judgment motion and denying SOGD's motion for partial summary judgment. The common pleas court overruled SOGD's objections and adopted the magistrate's decision. According to the common pleas court, SOGD could not prove that City Agency's negligence proximately caused harm to SOGD. SOGD now appeals, assigning two errors.
 {¶ 7} Assignment of Error No. 1:
 {¶ 8} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN ADOPTING THE MAGISTRATE'S FEBRUARY 26, 2004 DECISION GRANTING FINAL SUMMARY JUDGMENT IN FAVOR OF CITY ON SOG'S ORIGINAL NEGLIGENCE CLAIM AND RULING THAT ALTHOUGH CITY BREACHED ITS COMMON LAW AND STATUTORY DUTIES TO SOG RELATIVE TO SURPLUS INSURANCE COVERAGE, THOSE BREACHES WERE NOT THE PROXIMATE CAUSE OF SOG'S INJURIES."
 {¶ 9} In this assignment of error, SOGD argues that the common pleas court erred in determining as a matter of law that City Agency's actions did not proximately cause harm to SOGD. SOGD asserts that whether City Agency's actions proximately caused harm to SOGD is a question of fact for the jury's consideration.
 {¶ 10} Summary judgment is proper where (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can only come to a conclusion adverse to the party against whom the motion is made, construing the evidence most strongly in that party's favor. Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 66. We review a trial court's granting of a summary judgment motion de novo. Burgess v. Tackas (1998),125 Ohio App.3d 294, 296.
 {¶ 11} The elements of a negligence claim are as follows: (1) the existence of a legal duty, (2) the defendant's breach of that duty, and (3) injury that is the proximate cause of the defendant's breach. Wallacev. Ohio Dept. of Commerce, 96 Ohio St.3d 266, 2002-Ohio-4210, ¶ 22;Mussivand v. David (1989), 45 Ohio St.3d 314, 318. The failure to prove any element is fatal to a negligence claim. See Whiting v. Ohio Dept. ofMental Health (2001), 141 Ohio App.3d 198, 202.
 {¶ 12} The rule of proximate cause requires the injury sustained to be the natural and probable consequence of the negligence alleged. Jeffersv. Olexo (1989), 43 Ohio St.3d 140, 143. An injury is the natural and probable consequence of negligence if, under the surrounding circumstances, the wrongdoer should have foreseen the injury as likely to follow from the wrongdoer's negligent act or omission. Id.
 {¶ 13} An intervening cause may break the causal connection between a negligent act or omission and the injury sustained. Lytle v. McClain,
Lorain App. No. 03CA008400, 2004-Ohio-4572, ¶ 23. "Whether an intervening act breaks the causal connection between negligence and injury depends upon whether that intervening cause was reasonably foreseeable by the one who was guilty of the negligence." R.H. Macy Co., Inc. v. Otis Elevator Co. (1990), 51 Ohio St.3d 108, 110, quotingMudrich v. Standard Oil Co. (1950), 153 Ohio St. 31, 37.
 {¶ 14} SOGD argues that City Agency owed a common law duty and a statutory duty under R.C. 3905.33 to inform SOGD of the risks involved in a "surplus line" policy. SOGD argues that City Agency breached those duties when it did not inform SOGD of the risks, specifically that "surplus line" policies are not guaranteed by the Ohio Insurance Guaranty Association. Further, SOGD argues that City Agency's failure to inform SOGD of the risks of a "surplus line" policy proximately caused over $175,000 in damages to SOGD. According to SOGD, it incurred those damages after United Capitol was declared insolvent, and SOGD was forced to defend and ultimately settle the Massachusetts case.
 {¶ 15} City Agency argues that United Capitol's insolvency was an unforeseeable, intervening cause that broke the chain of causation between City Agency's alleged negligence and the harm suffered by SOGD. City Agency argues that it could not have foreseen United Capitol's insolvency, given United Capitol's solid financial footing at the time the policy was executed. According to City Agency, its alleged failure to inform could not have proximately caused the harm suffered by SOGD.
 {¶ 16} After reviewing the record, we conclude that United Capitol's insolvency was an unforeseeable, intervening event that broke the chain of causation. The record indicates that, at the time SOGD entered into the policy with United Capitol in 1997, United Capitol was a financially stable company. Best's Insurance Reports, a ratings source used by insurance industry professionals, gave United Capitol an "A-" or "excellent" rating in its 1996 report. The report noted United Capitol's "outstanding financial performance and conservative operating strategy as an excess and surplus lines carrier[.]" Nothing in the record indicates that the analysis in Best's was faulty. The record does not indicate that United Capitol's insolvency approximately four years after the execution of the policy could have been foreseen by City Agency at the time the policy was executed.
 {¶ 17} Our conclusion is supported by DOT Systems, Inc. v.Adams-Robinson Enterprises, Inc. (Oct. 30, 1990), Lawrence App. No. 1923, 1990 WL 178132. In DOT Systems, the court of appeals found that an insurance company's subsequent insolvency, not an agent's initial failure to properly investigate the insurance company's financial state, was the proximate cause of the plaintiff's damages. Id. at *6. The court noted that "the subsequent insolvency of the insurance company has been held not to impose liability on the agent or broker, where the company was solvent when the policy was procured." Id. at *5, citing 3 Couch on Insurance 2d (1984), Sec. 25:48, 376; see, also, Master Plummers Ltd.Mut. Liability Co. v. Cormany Bird, Inc. (Wis. 1977), 255 N.W.2d 533,535 (stating general rule that where an agent provides a policy in a solvent company, the agent is not liable for a loss that occurs when the company subsequently becomes insolvent). In this case, the record shows that United Capitol was a financially stable company at the time the policy was executed. The record does not indicate that, at the time the policy was executed, United Capitol was insolvent or in danger of becoming insolvent. The harm sustained by SOGD was not the "natural and probable consequences" of City Agency's alleged negligence, and was not foreseeable by City Agency.
 {¶ 18} Accordingly, because the insolvency of United Capitol was an unforeseeable, intervening cause, we find no error in the common pleas court's determination that City Agency's actions did not proximately cause the harm suffered by SOGD. We overrule SOGD's first assignment of error.
 {¶ 19} Assignment of Error No. 2:
 {¶ 20} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN DISMISSING ALL OF SOG'S PENDING CLAIMS WITH PREJUDICE WHEN CITY AND KIMMERLE DID NOT MOVE FOR SUMMARY JUDGMENT ON COUNTS II, III, AND IV OF THE AMENDED COMPLAINT AND NO EVIDENCE WAS SUBMITTED WHICH WOULD JUSTIFY RENDERING JUDGMENT ON THESE COUNTS."
 {¶ 21} In this assignment of error, SOGD argues that the common pleas court erred in dismissing the claims SOGD asserted in its amended complaint. In its amended complaint, which was filed after the magistrate issued his decision on SOGD's original negligence claim, SOGD asserted new causes of action for breach of contract against City Agency, unfair business practices against City Agency, and negligence against John Kimmerle.
 {¶ 22} The record does not indicate that the claims in SOGD's amended complaint were properly before the court. The record does not show that SOGD obtained leave of court as required by Civ.R. 15(A) before filing its amended complaint. The record does not show a motion by SOGD seeking leave of court, nor does it show an entry by the common pleas court granting such leave. Because the claims asserted by SOGD were not properly before the common pleas court, we find no error. We overrule SOGD's second assignment of error.
Judgment affirmed.
Walsh and Young, JJ., concur.