**Ohio Bell Telephone Co.**
**v.**
**John Fithian Contracting Co.**
*[Cite as 4 AOA 245]*

*Case No. 88 C.A. 181*
*Mahoning County, (7th)*
*Decided June 29, 1990*

*Edward L. Bettendorf, Esq., 45 Erieview Plaza, Suite 1400, Cleveland, Ohio 44114, for Plaintiff-Appellee.*

*William Scott Fowler, Esq., 926 City Centre One, P. O. Box 6306, Youngstown, Ohio 44501, for Defendant-Appellant.*

DONOFRIO, J.

This is an appeal from the Court of Common Pleas of Mahoning County, Ohio.

The trial court granted summary judgment on November 12, 1987, as to the issue of liability in favor of plaintiff-appellee, The Ohio Bell Telephone Company (hereinafter "appellee"), and, on October 19, 1988, as to damages, also in favor of appellee.

On July 31, 1985, defendant-appellant, John Fithian Contracting Co. (hereinafter "appellant"), which was employed by ALTA Telecom, Inc., was drilling underneath Lucius Avenue near Southern Boulevard in Youngstown, Ohio, in performance of its contract. Prior to the commencement of this job, appellant informed appellee that it would be drilling in the area. Appellee sent a locator to the site to mark the approximate location and direction of its cable. Appellee's employee marked the road with orange arrows indicating the conduit line and a dotted orange line two feet on either side of the arrows to identify the buffer zone.

Appellant's employees began boring horizontally under the roadway at a depth of approximately forty-eight inches. Appellant's employees believed this would be above the appellee's cable. Appellant claims that it moved cautiously while boring the horizontal hole. Appellee argues that the crew only assumed all underground cables are at least five feet deep. Appellant's boring crew struck the cable owned by appellee. Appellant states that appellee had knowledge of the depth of its underground equipment and never communicated that knowledge to appellant's employees.

The issues presented for review are whether the trial court erred in sustaining appellee's motions for summary judgment as to the issues of both liability and damages.

Appellant sets forth two assignments of error, the first of which states:

"The trial court erred in granting summary judgment against defendant-appellant on the issue of liability."

Ohio Civ. R. 56(C) governs the submission of motions for summary judgment to the trial court.

Before granting a motion for summary judgment, the trial court must believe that it appears from such evidence or stipulation that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.

Appellant argues that if there is some evidence of ordinary care exercised by appellant which might reasonably show that appellant discharged the duty owed to appellee, then the granting of the motion for summary judgment by the trial court is improper. Appellant submits that the record contains evidence in which a jury could find genuine issues of material fact as to whether or not it discharged its common-law duty of ordinary care not to damage the property belonging to appellee. Appellant points to the fact that it contacted appellee prior to its boring activities and that it acted responsibly by boring rather than performing an open cut which would tear up the street. In addition, appellant notes that its employees drew upon their common knowledge and experience with respect to the depth of telephone cables near railroad facilities and began their boring procedure at a depth which they reasonably assumed would be deep enough to avoid contact with appellee's lines.

In response, appellee argues that there are no material operative facts in dispute. Appellee contends that appellant's crew admits that they had notice of appellee's cable because they saw the markings on Lucius Avenue. In addition, appellee notes that the road markings identified the approximate location of the cable and that appellee does not and cannot guarantee the depth of its cable. Appellee states that it is undisputed that its cable was properly located within the buffer zone. Appellee also points out that appellant admits that it caused the damage to appellee's cable.

Appellee states that because appellant's employees admitted that they had a duty to protect appellee's cable and that they caused the injury, there is only one remaining issue: whether by failing to use reasonable precautions in drilling appellant breached its acknowledged duty to protect appellee. Appellee argues that despite appellant's claim that it used ordinary care, case law confirms that appellant was negligent. We agree with appellee. In *Thompson* v. *Ohio Fuel Gas Co.* (1967), 9 Ohio St. 2d 116, at 120, the court cited *Conway* v. *O'Brian* (2d Cir. 1940), 111 F. 2d. 611:

"[T]he amount of caution 'demanded of a person by an occasion is the resultant of three factors: the likelihood that his conduct will injure others, taken with the seriousness of the injury if it happens, and balanced against the interest which he must sacrifice to avoid the risk.'"

Application of the *Thompson* test to this case dictated that the trial court find appellant negligent for failing to use proper caution.

Appellee informed appellant that its excavators should dig by hand to locate the cable. However, appellant notes that it estimated the cost of the job on the basis that it would do little or no hand digging, and that as a general proposition the owners of roads, i.e., state, county, and city, do not want their roads obstructed.

Appellant has argued that its only other option was to dig up a portion of the road, i.e., the so-called "open cut" procedure. However, appellant's employees failed to consider the option of digging a test hole in the side of the road. At least one Ohio court found a party liable for failing to undertake such a dig. *Cincinnati Gas & Elec. Co.* v. *J.T. Lohrer Constr. Co.* (1983), 9 Ohio Misc. 2d 23.

In *Lohrer,* a case factually identical to the case *sub judice,* defendant was installing underground utilities when it severed plaintiff's buried gas line. Plaintiff sued for damages caused by defendant's failure to make a test hole to determine the gas pipe's depth. Like appellee herein, Cincinnati Gas did not know the depth of the underground line and advised defendant to hand dig to locate the buried utility. Like appellant, Lohrer Construction failed to take this precaution, claiming that the state would not allow it to dig through the pavement.

The *Lohrer* court was not persuaded by the excavator's excuse. Rather, the court held that:

"* * * (D)efendant was *solely* negligent in failing to dig test holes to determine the actual depth of the gas main since it knew that the gas main existed and had been apprised by the agent of C. G. & E. not to take for granted any representations of the drawing as to the depth of the pipe." *Id.* at 24. (Emphasis added.)

For the foregoing reasons, we overrule appellant's first assignment of error.

Appellant's second assignment of error states:

"The trial court erred in granting summary judgment against the defendant-appellant on the issue of damages."

We find this assignment of error has merit.

Appellant points out that appellee seeks two types of damages, namely, direct expenses and indirect expenses. The direct expenses are those such as labor, materials and transportation, and indirect expenses include storage of the materials used in engineering and supervision and administrative expenses. Appellant contends that case law suggests that finding damages as a matter of law rather than submitting them to the wisdom of the jury is inappropriate.

Appellant cites *Ohio Power Co.* v. *Zemelka* (1969), 19 Ohio App. 2d 213, where the trial court gave the defendant a credit for depreciation on the utility pole struck by defendant. In *Lohrer, supra,* the trial court found that the plaintiff was entitled to indirect expenses as defined above. Appellant points out, however, that the trial court did not find as a matter of law that the utility company was entitled to these expenses. Rather, the trial court weighed all the evidence and determined that the plaintiff sustained its burden of proving damages as would be required before a jury.

It appears that reasonable minds may come to different conclusions as to whether or not indirect expenses claimed by appellee have been proven or that appellee is entitled to each and every indirect expense, which it claims. It appears that there is a genuine issue to be tried in that the various expenses and charges appellee claims were incurred as a result of the tortious conduct of the appellant, and whether or not they would have been incurred otherwise. Thus, we find there is an issue as to material facts regarding damages which should be submitted to a factfinder rather than in a conclusive summary judgment.

For the foregoing reasons, we sustain appellant's second assignment of error. The judgment of the trial court is affirmed as to the judgment on liability and is reversed as to the judgment on damages.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

O'NEILL, P. J., and COX J., concur.