DECISION AND JUDGMENT ENTRY
This appeal comes to us from a summary judgment issued by the Lucas County Court of Common Pleas involving claims of negligence and indemnification against a subcontractor. Because we conclude that the trial court improperly granted summary judgment, we reverse.
Appellant, Bayes, Inc., is a mechanical contractor which primarily engages in the business of commercial and industrial plumbing, process piping, and heating and air conditioning piping. Brent Industries contracted with appellant to install the hydraulic lines for a commercial laundry system. Brent contracted separately with appellee, Ellis Corporation, for the design and manufacture of the washer/extractor machines and their components, including filters.
Appellant's responsibility was to install a pipeline for hydraulic fluid to run between the pumps and washer/extractor machines. Appellant then subcontracted with Bertsch Company for the purpose of providing "pickled, oiled, and capped" steel pipe for the hydraulic lines; the pipe was specified so that the inside of the lines would be free of contaminants.
After the hydraulic lines were completed and the machines were ready to be started, a Bayes' employee, Jack Cook, allegedly asked an Ellis employee, Kevin Clark, if the pipes should be flushed prior to start up so that any debris within the pipelines would be removed. Clark allegedly replied that flushing was not necessary because the machines were filtered. Ellis, however, disputes that any of its representatives had any responsibility for the installation of or knowledge of the flushing of steel hydraulic lines.
When the first machine in the system was started up, it failed. Before discovering what led to the failure, Ellis started a second machine, which also failed. Damages in excess of $400,000 occurred as a result of hydraulic fluid contaminants which allegedly came from inside the pipes and were not filtered out by the washer/extractor machines.
Appellant took responsibility for the damages with Brent Industries and then filed suit against Bertsch Company and Ellis Corporation alleging negligence and seeking indemnification pursuant to an implied contract. Ellis moved for summary judgment on the basis that it owed no duty of care to appellant as there was no privity of contract between them. The court granted summary judgment. Appellant filed a "motion for reconsideration," stating that the trial court had only addressed the indemnification claim and not its negligence claims. The trial court reaffirmed its judgment with no additional analysis.
Appellant now appeals from that judgment, setting forth the following sole assignment of error:
 "The Trial Court Erred in Granting Appellee's Summary Judgment on Appellant's Negligence Claim."
The standard of review of a grant or denial of summary judgment is the same for both a trial court and an appellate court. Lorain Natl. Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127,129. Summary judgment will be granted if "the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of facts, if any, * * * show that there is no genuine issue as to any material fact" and, construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law." Civ.R. 56(C).
In this case, appellant sought to establish appellee's liability through either an implied contract claim for indemnification or an ordinary negligence claim. The Supreme Court of Ohio has held that an "independent contractor who lacks a contractual relationship with a second independent contractor owes no affirmative duty beyond that of ordinary care to the employees of the second contractor, where the first contractor does not supervise or actively participate in the second contractor's work." Kucharski v. National Engineering Contracting Co. (1994), 69 Ohio St.3d 430, at the syllabus.
To establish an ordinary negligence claim, one must show the existence of a duty, a breach of that duty, and an injury proximately caused by the breach. See DiGildo v. Caponi (1969),18 Ohio St.2d 125, 127. The existence of a duty is a question of law for the court; there is no express formula for the determination of whether a duty exists. Mussivand v. David
(1989), 45 Ohio St.3d 314, 318. However, whether a duty exists depends largely upon the foreseeability of the injury. Gedeon v.East Ohio Gas Co. (1934), 128 Ohio St. 335, 338. Foreseeability is determined by whether a reasonably prudent person would have anticipated that an injury was likely to result from the performance or nonperformance of an act. Thompson v. Ohio FuelGas. Co. (1967), 9 Ohio St.2d 116. It is not necessary to anticipate the particular injury, but only that the defendant's act is likely to result in injury of some kind. See Strother v.Huthinson (1981), 67 Ohio St.2d 282, 287.
Furthermore, a voluntary act, gratuitously undertaken, must be performed with the exercise of due care under the circumstances. Briere v. Lathrop Co. (1970), 22 Ohio St.2d 166,171-172. A person who fails to exercise reasonable care while gratuitously rendering services to another is liable for the resulting physical harm if the failure to exercise such care increases the risk of such harm. Id., citing with approval to the Restatement of the Law 2d, Torts (1965) 135, Section 323. See also Wissell v. Ohio High School Athletic Assn. (1992), 78 Ohio App.3d 529.
In this case, appellee and appellant had no direct contractual relationship with each other. In addition, appellee did not actively participate in or supervise the actual installation of the steel pipeline. However, appellant presented expert deposition testimony that flushing a hydraulic system prior to start up is a standard construction practice. Appellant has also presented deposition testimony that, prior to start up, Kevin Clark, one of appellee's on-site representatives, allegedly told appellant's employee that it was not necessary to flush the lines due to the filter design of the laundry machines. Contrary to appellee's contention that such testimony is inadmissible hearsay, any statement made by Clark, appellee's agent, are admissible as an admission by a party opponent. See Evid.R. 801(D)(2)(d).
Allegedly in reliance upon Clark's statement, appellant decided not to flush the lines. Since the filtering system was not placed in a position to filter out the contaminants, it was foreseeable that damage would likely occur if any contaminants remained in the lines. In our view, the alleged, gratuitous advice of appellee's agent as to not flushing the hydraulic lines constituted an active participation in appellant's work and created a duty to exercise reasonable care. Material questions of fact remain as to whether appellee's alleged actions through its agent breached this duty and proximately caused the resulting damage to the machines. Therefore, the trial court improperly granted summary judgment since genuine issues as to material facts remain in dispute and appellee is not entitled to judgment as a matter of law.
Accordingly, appellant's sole assignment of error is well-taken.
The judgment of the Lucas County Court of Common Pleas is reversed and remanded for proceedings consistent with this decision. Court costs of this appeal are assessed to appellee.
James R. Sherck, J., Richard W. Knepper, P.J.,Mark L. Pietrykowski, J., CONCUR.