OPINION
{¶ 1} Plaintiff-appellant, Cindy Herzberg ("appellant"), appeals from the February 24, 2005 judgment of the Franklin County Court of Common Pleas, in which that court granted summary judgment in favor of defendant-appellee, Jason Helber ("appellee"), and against appellant as to all of her claims. For the reasons that follow, we affirm.
 {¶ 2} The following facts are pertinent to this appeal. On July 13, 2002, appellee and his wife celebrated the sixth birthday of their son, Joshua Helber ("Joshua"), with a party at their residence. Two of appellant's children attended Joshua's birthday party. One of the gifts Joshua received was a "Super Soaker" water gun.
 {¶ 3} As appellant approached the front door of appellee's house to pick up her children, Joshua, who was playing with the water gun in the front yard, aimed the toy at appellant. Joshua's grandfather, George Helber, told Joshua that he was not to squirt appellant. Joshua did not squirt appellant at that time. Appellant knocked on the front door and retrieved her children. As appellant left appellee's front door, Joshua and another child came running from the side of the house towards appellant and her children. Appellee was standing in the threshold of his front door after walking appellant and her children to the door.
 {¶ 4} From this point forward, appellant and appellee disagree as to the facts. In her depositional testimony, appellant asserts that Joshua and the other child approached her and aimed their water guns at her. Appellant testified that Joshua was approximately 10 to 12 feet away from her. She stated that she admonished them not to squirt her. Nevertheless, appellant testified the children squirted her. She testified that the time between when she told Joshua not to squirt her and the time she was squirted was less than a minute. According to appellant, after she was squirted, she ran from the boys across several lawns with her children in tow as Joshua and the other boy ran after her. Appellant also testified that as she turned to see where her children were, she fell and sustained several injuries, including fracturing her left leg. Appellant stated that the time from when she was squirted until the time she sustained her injuries was approximately 30 to 45 seconds.
 {¶ 5} Appellee testified in his deposition that at the time of the interaction between Joshua and appellant, he was standing in the doorway of his house behind the door. Appellee testified that after Joshua pointed his water gun at appellant, he opened the door and he told him not to squirt her. According to appellee, the boys then went to the backyard. Appellee testified that Joshua did not squirt appellant. He also testified appellant ran away from his house, and then fell and sustained injuries.
 {¶ 6} Appellee further stated in his deposition that he had never seen his son squirting someone with a water gun that he was not supposed to be squirting, and specifically had never squirted an adult. Appellee testified that he had never disciplined his son for any use of a "Super Soaker." Additionally, appellee stated that he had received approximately five telephone calls from Joshua's elementary school while Joshua was in kindergarten because Joshua was "acting up." Joshua was in kindergarten the year prior to the incident, which occurred in the summer of 2002.[1]
 {¶ 7} On February 27, 2004, appellant filed a complaint sounding in negligent supervision and seeking declaratory judgment against appellee, George Helber, and American National Property and Casualty Company. The two other defendants were dismissed from the case, leaving appellee as the sole remaining defendant. On November 11, 2005, appellee filed a motion for summary judgment. Therein, he argued that a parent is not liable for injuries caused by a child when the child's injurious act is not reasonable foreseeable, and further, that appellant could not present any evidence that appellee could have reasonably foreseen Joshua injuring appellant or anyone else with the water gun. On February 23, 2005, the trial court granted appellee's motion for summary judgment and it is from that judgment that appellant now appeals.
 {¶ 8} Appellant advances the following four assignments of error:
1. The Trial Court erred to the substantial prejudice of Plaintiff-Appellant Cindy Herzberg in ruling that a parent can be held liable for negligent supervision of a child only if the parent had knowledge of specific instances of prior harmful conduct, notwithstanding the fact that the conduct at issue occurred in the presence of the parent who had opportunity to control the child.
2. The Trial Court erred to the substantial prejudice of Plaintiff-Appellant Cindy Herzberg in ruling that reckless or negligent conduct on the part of a child that occurs in the presence of a parent is insufficient to put the parent on notice of the conduct unless the parent also had knowledge of specific instances of prior harmful conduct.
3. The Trial Court erred to the substantial prejudice of the Plaintiff-Appellant Cindy Herzberg in ruling on the issue of foreseeability of harm as a matter of law when reasonable minds could differ as to the foreseeability of harm.
4. The Trial Court erred to the substantial prejudice of Plaintiff-Appellant Cindy Herzberg in entering summary judgment for Defendant-Appellee Jason Helber.
 {¶ 9} As appellant's first three assignments of error are interrelated, we shall address them together.[2] We initially note that a trial court's grant of summary judgment is reviewed de novo. Coventry Twp. v. Ecker (1995),101 Ohio App.3d 38, 654 N.E.2d 1327. Summary judgment is only appropriate when the party moving for summary judgment demonstrates that (1) no genuine issue of material fact remains, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and construing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. Civ.R. 56(C), State ex rel. Duncan v. Mentor City Council,105 Ohio St.3d 372, 374, 2005-Ohio-2163 at ¶ 9, 826 N.E.2d 832, 834.
 {¶ 10} The moving party bears the responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of material fact on the essential elements of the claims of the nonmoving party.Dresher v. Burt (1996), 75 Ohio St.3d 280, 292, 662 N.E.2d 264.
The moving party cannot discharge its initial burden under Civ. R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ. R.(56) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ. R. (56)(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.
Id. at 293.
 {¶ 11} Since this appeal arises from the grant of summary judgment, we must construe the evidence most strongly in favor of the nonmoving party. See Williams v. First United Church ofChrist (1974), 37 Ohio St.2d 150, 66 O.O.2d 311, 309 N.E.2d 924. Therefore, for purposes of our review, with regard to the second incident with the water gun, we will accept appellant's assertion that appellee's son aimed the water gun at her, that she asked him not to squirt her, that he ignored her request anyway and squirted her. Additionally, we must accept appellant's assertion that she began running away from appellee's son because he was squirting her, that he continued to squirt her as she ran away, that appellee's son and his friend chased after her, and that as she turned to see where her children were when she was running, she fell and sustained injuries to her leg. We also accept appellant's assertion that the time between when she told Joshua not to squirt her and the time she was squirted was less than a minute, and the time from when she was squirted until the time she sustained her injuries was approximately 30 to 45 seconds. We must also accept appellee's admission that he watched his son aim the water gun at appellant and that he heard the conversation between his son and appellant. We also take note that the evidence indicates that appellee was not aware of the first incident of the child pointing the gun at appellant, and appellee's father directing the child not to spray her.
 {¶ 12} Generally, in order to make a prima facie negligence claim, a party must demonstrate "(1) the existence of a legal duty, (2) the defendant's breach of that duty, and (3) injury that is the proximate cause of the defendant's breach." Wallacev. Ohio Department of Commerce, 96 Ohio St.3d 266, 274,2002-Ohio-4210 at ¶ 22, 773 N.E.2d 1018. The determination of whether a defendant owes a duty to a plaintiff depends on the relationship between the defendant and the plaintiff. Commerce Industry Ins. Co. v. Toledo (1989), 45 Ohio St.3d 96, 98,543 N.E.2d 1188, 1192. The question of whether a duty exists in a claim for negligence is a question of law reserved for the determination by the courts. Mussivand v. David (1989),45 Ohio St.3d 314, 318, 544 N.E.2d 265, 271, citing Railroad Co. v.Harvey (1907), 77 Ohio St.3d 235, 240, 83 N.E. 66, 68.
 {¶ 13} Whether a duty exists, however, depends on the foreseeability of the injury. Menifee v. Ohio Welding Products,Inc. (1984), 15 Ohio St.3d 75, 77, 15 OBR 179, 180,472 N.E.2d 707, 710. "The test for foreseeability is whether a reasonably prudent person would have anticipated that an injury was likely to result from the performance or nonperformance of an act." Id., citing Freeman v. United States (C.A.6, 1975), 509 F.2d 626,Thompson v. Ohio Fuel Gas Co (1967), 9 Ohio St.2d 116, 38 O.O.2d 294, Mudrich v. Standard Oil Co. (1950),153 Ohio St. 31, 41 O.O. 117. If a duty is found to exist, an individual must exercise the degree of care that an ordinarily prudent person would exercise under similar circumstances. Mussivand at 318, citing Gedeon v. East Ohio Gas Co. (1934), 128 Ohio St. 335,338, 190 N.E. 924, 925.
 {¶ 14} Special circumstances exist for negligent liability with parents for their children. At common law, a parent is not ordinarily liable for damages caused by a child's wrongful conduct. Huston v. Konieczny (1990), 52 Ohio St.3d 214, 217,556 N.E.2d 505. However, the court determined that liability may attach when the injury committed by the child is a foreseeable consequence of a parent's negligent act. Id. The court stated that an injury is foreseeable if a person knew, or should have known that the act was likely to result in harm to someone. Id. at 217. Therefore, the court determined that a parent may be held liable for his or her own negligent act of failing to exercise reasonable control, when the parent knows, or should have known, that an injury is a probable consequence of the act of the child. Id. at 217-218.
 {¶ 15} As we noted in Haefele v. Phillips (April 23, 1991), 10th Dist. No. 90AP-1331, the Supreme Court of Ohio emphasized in Huston that the existence of parent's duty to a third party depends on the foreseeability of the injury. SeeHuston at 217. "Parents of minor children have a duty to exercise reasonable control over their children in order to prevent harm to third persons, when the parents have the ability to control the child and they know, or should know, that injury to another is a probable consequence. Haefele, supra. (Emphasis added.)
 {¶ 16} The trial court determined that because the record was devoid of any instances of prior conduct that would have placed appellee on notice that his child was likely to cause appellant harm, appellant could not prove the essential elements of her claim, and therefore summary judgment was proper. The trial court stated, "Absent evidence that [appellee] had knowledge of prior conduct that would reasonably lead him to believe that Josh[ua] had a propensity of causing harm to others, [appellant]'s injuries were not foreseeable."
 {¶ 17} Appellant asserts that in order to withstand summary judgment, she merely needed to demonstrate that a genuine issue of material fact existed by identifying evidence from which reasonable minds could differ as to whether appellee had the ability to control his son and knew, or should have known, that injury to appellant was a probable consequence if he failed to do so. Appellant maintains that a parent can be put on notice of the need to control a child by a child's behavior in the parent's presence, thus giving rise to the duty to control the child. Thus, appellant asserts because appellee saw his child threaten appellant with the water gun, he had sufficient knowledge that injury was a probable consequence to appellant. We note that in both the first and second assignments of error appellant emphasizes that the harmful conduct of the child occurred in the presence of a parent, however, appellant does not cite any authority distinguishing parental liability for negligent supervision of a child when the parent is present, as opposed to parental liability when the parent is not present.
 {¶ 18} "To establish foreseeability of the act or injury, [appellant] must prove specific instances of prior conduct were sufficient to put a reasonable person on notice that the act complained of was likely to occur." Haefele, supra. (Citations omitted.) In Haefele, supra, the child at issue stabbed another child with a knife. The plaintiffs introduced evidence that the child consumed beer, struck his mother, at one time threatened his father, had an interest in "marine gear," and owned several combat knives. While we recognized that the child may have been unruly and sometimes violent, we concluded that the parents did not have specific knowledge that the child's harmful acts were reasonably foreseeable.
 {¶ 19} In Hau v. Gill (July 14, 1999), 9th Dist. No. 98CA007061, Colleen Hau, a minor, was playing with a golf club when Jonathon Gill, also a minor, asked if he could play with her. The boy swung the club in close proximity to the girl, and struck her, causing her injuries. In a complaint for negligent supervision, the Ninth Appellate District noted that there was no evidence that Jonathon had a propensity for behavior such as carelessly swinging a golf club in the presence of another without ensuring that the person is at a safe distance. Appellants failed to produce evidence that Jonathon ever caused injury to another child, let alone in the manner of the incident in question.
Id.
 {¶ 20} In the case sub judice, the record indicates that up until the time of the incident, Joshua had not engaged in acts of violence or delinquency that would put a parent on notice that an act of Joshua would foreseeably cause injury to another. Although the record does indicate that prior to the incident, appellee had been notified several times that his child had been disruptive in class, the testimony of appellee on these disruptions does not indicate that when Joshua was "just acting up" that he was so unruly as to put appellee on notice that he may cause injury to others. Haefele, supra, ("mere knowledge of general incorrigibility or unruliness does not imply notice"). The record otherwise lacks any evidence of a type of behavior that would have put appellant on notice that Joshua's use of a water gun may injure others.
 {¶ 21} Additionally, the fact that the child was in the presence of appellee, and that appellee saw the child point the water gun at appellant, also does not demonstrate sufficient knowledge of prior incident that injury was a probable consequence to appellant. The father testified that Joshua had never squirted or threatened to squirt another adult prior to the incident with appellant. There is no evidence indicating that appellee had knowledge that the child would squirt appellant, let alone spray her and chase after her so as to cause her any injury. The record does not show any prior notice to appellee excluding the moment Joshua sprayed water at appellant because it was the first time Joshua had engaged in such kind of behavior. In fact, the record indicates that Joshua did not spray water guns at adults because when Joshua first pointed the water gun at appellant, Joshua obeyed his grandfather and refrained from spraying appellant. Thus, the record demonstrates that no incidents of specific conduct or behavior existed to put appellee on notice that an act of appellee's child may cause injury to another person, even in the presence of appellee.
 {¶ 22} In his motion for summary judgment, appellee contended that his duty to exercise reasonable control over his child with the water gun did not arise because he did not know, and had no reason to know, that injury to appellant was a probable consequence. Appellee attached the depositions of both himself and the appellant to sufficiently support his motion. The appellee therefore discharged his initial burden of informing the trial court of the basis of his motion for summary judgment, and identified those portions of the record, which demonstrate the absence of a genuine issue of fact on an essential element of appellant's claim. Dresher, supra, at 292.
 {¶ 23} Construing the evidence most strongly in favor of the appellant, we find that appellant has not satisfied her reciprocal burden as the nonmoving party to identify evidence to demonstrate that any genuine issue of material fact must be preserved for trial on her claims. Civ.R. (56)(E). The record lacks any evidence that demonstrates appellee knew, or should have known that injury could result from his son's use of the water gun even though the child was in appellee's presence at the time of the incident. Appellant therefore cannot establish the existence of the duty element of her negligence claim. Thus, the trial court properly granted summary judgment in favor of appellee.
 {¶ 24} Accordingly, we overrule appellant's first three assignments of error. Since we have overruled appellant's first three assignments of error, and determined that summary judgment in favor of appellee was proper, we accordingly overrule appellant's fourth assignment of error.
 {¶ 25} Having overruled appellant's four assignments of error, the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Bryant and Petree, JJ., concur.
[1] Appellee was deposed in September 2004 and stated that when Joshua was in first grade, Joshua's teachers told him that Joshua was disciplined by his elementary school because he "wouldn't do anything for the teachers, because they would throw his work on the floor. So he would hide under the table." These incidents lead to Joshua's first grade teachers recommending that the child be placed back in kindergarten. We note that these incidents occurred after the date of appellant's alleged injury and therefore not relevant to our analysis of this case.
[2] We note that though appellant lists the above four assignments of error in her brief, she does not separately argue each assignment of error as required by App. R. (16)(A)(7). Although an appellate court may aggregate assignments of error for purposes of its opinion, parties are required to submit briefs that contain separate contentions for each assignment of error. A court of appeals may disregard an assignment of error presented for review if the party raising it fails to argue the assignment separately in the brief. See App. R. 12(A)(2). As appellant summarized her assignments of error in her argument, we will address her assignments of error to the extent that we can construe the arguments asserted.