[Cite as *Peters v. Hanslik*, 2024-Ohio-5061.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| MONICA PETERS, Individually and Administratrix for the Estate of Christopher Peters, Deceased, | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Craig R. Baldwin, J. |
| Plaintiff - Appellant | : | |
| | : | |
| -vs- | : | |
| | : | |
| CRAIG HANSLIK, et al., | : | Case No. 2024CA00018 |
| | : | |
| Defendants - Appellees | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Stark County Court of Common Pleas, Case No. 2023 CV 01757

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      October 21, 2024

APPEARANCES:

For Plaintiff-Appellant

DAN J. FUNK
KENDRA L. BARABASCH
Baker Dublikar
400 South Main Street
North Canton, Ohio 44720

For Defendant-Appellee AAA East Central, Inc.

ANDREW H. ISAKOFF
Marshall, Dennehey, P.C.
127 Public Square, Suite 3510
Cleveland, Ohio 44114

For Defendant-Appellee Finlayson's Towing Inc.

KENNETH A. CALDERONE
BRENDEN K. CARLIN
Hanna, Campbell & Powell, LLP
3737 Embassy Pkwy #100
Akron, Ohio 44333

*Baldwin, J.*

**{¶1}** The appellant, Monica Peters, Individually and as Administratrix for the Estate of Christopher Peters, deceased, appeals the trial court's decision granting the motions to dismiss and motions for judgment on the pleadings filed by appellees AAA East Central ("AAA") and Finlayson Towing Company ("Finlayson").

### STATEMENT OF THE FACTS AND THE CASE

**{¶2}** On December 29, 2022, the appellant's husband was driving southbound on Interstate 77 when he experienced mechanical problems with his automobile. He pulled off the travelled portion of the highway and on to the berm, where he called appellee AAA for roadside assistance. Appellee AAA allegedly assured him that assistance "would arrive shortly." The appellant also allegedly called appellee AAA on her husband's behalf and was given the same assurance.

**{¶3}** A few hours later, Craig Hanslik, who was a defendant below but is not a party to this appeal, drove the motor vehicle owned by Ravon Jones, also a defendant below but not a party to this appeal, southbound on Interstate 77 while under the influence of alcohol and/or drugs. While the appellant's husband remained waiting inside his vehicle on the berm of the road for roadside assistance, Hanslik struck his vehicle from the rear, causing fatal injuries.

**{¶4}** Hanslik was indicted on March 10, 2023, in the Tuscarawas County Court of Common Pleas on charges of aggravated vehicular homicide; operating a vehicle under the influence of alcohol, a drug of abuse, or a combination of them; aggravated trafficking in drugs; and, aggravated possession of drugs.

**{¶5}** The appellant's complaint herein set forth claims of negligence, negligence per se, and wrongful death against Hanslik. The appellant also set forth a negligence claim against Jones, as owner of the vehicle, for negligently entrusting his vehicle to Hanslik.

**{¶6}** The appellant also set forth claims of negligence and breach of contract against appellee AAA, and negligence against appellee Finlayson. The appellant alleges that after her husband called appellee AAA for roadside assistance, appellee AAA in turn contacted appellee Finlayson to provide towing services. The appellant alleges that the appellees were negligent in failing to provide timely roadside assistance to her husband. While generally alleging a breach of duty and resulting damages against all defendants, the appellant alleged a breach of contract claim against appellee AAA based on the length of time that elapsed between the time of the call for service and the time of the accident. However, her prayer for relief sought only tort; contractual type damages were not sought.

**{¶7}** Both appellees AAA and Finlayson filed motions to dismiss and motions for judgment on the pleadings, which were granted on January 17, 2024, in a joint Order.

**{¶8}** On January 24, 2024, the trial court granted appellant's motion for default judgment as to defendant Hanslik, and set a damages hearing for April 26, 2024. On February 2, 2024, the appellant filed a notice of voluntary dismissal pursuant to Civ.R. 41(A) dismissing the case without prejudice as against both defendants Hanslik and Jones. The appellant then moved to have the trial court's January 17, 2024, Order modified to include "no just cause for delay" language, which the trial court granted.

**{¶9}** The appellant filed a timely appeal in which she sets forth the following four assignments of error:

**{¶10}** "I. THE TRIAL COURT ERRED WHEN IT GRANTED DEFENDANTS' MOTION TO DISMISS AND MOTION FOR JUDGMENT ON THE PLEADINGS, PURSUANT TO CIV.R. 12(B)(6), CIV.R.12(C) AND PLAINTIFF'S COMPLAINT."

**{¶11}** "II. THE TRIAL COURT ERRED IN HOLDING THAT DEFENDANTS' [SIC] DID NOT OWE PLAINTIFF A DUTY OF CARE BECAUSE NO SPECIAL RELATIONSHIP EXISTED BETWEEN PLAINTIFF AND EITHER DEFENDANTS AND THAT THE ACTS OF DEFENDANT HANSLIK WERE NOT REASONABLY FORESEEABLE."

**{¶12}** "III. THE TRIAL COURT ERRED IN DISMISSING PLAINTIFF'S BREACH OF CONTRACT CLAIM."

**{¶13}** "IV. THE COURT ERRED IN DISMISSING PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES."

## STANDARD OF REVIEW

**{¶14}** A trial court's order granting a Civ.R. 12(B)(6) motion to dismiss is subject to de novo review. When reviewing whether a motion to dismiss should be granted, all factual allegations in the complaint must be accepted as true. *Perrysburg Twp. v. Rossford*, 2004-Ohio-4362, ¶ 5.

**{¶15}** Motions for judgment on the pleadings are governed by Civil Rule 12(C), which provides, "after the pleadings are closed but within some time as not to delay the trial, any party may move for judgment on the pleadings." Pursuant to Civil Rule 12(C), dismissal is only appropriate where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom in favor of the nonmoving party as true; and, (2) finds beyond doubt that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief. *State ex rel. Midwest Pride IV, Inc. v.*

*Pontious*, 75 Ohio St.3d 565, 570 (1996). The standard of review of a Civil Rule 12(C) motion is also de novo. *Columbus v. Sanders*, 2012-Ohio-1514, ¶13 (5th Dist.).

{¶16} A de novo review requires an independent review of the trial court's decision without any deference to the trial court's determination. *Brown v. Scioto Cty. Bd. of Commrs.*, 87 Ohio App.3d 704, 711 (4th Dist.1993), as cited in *State v. Standen*, 2007-Ohio-5477, ¶7 (9th Dist.); and *Deutsche Bank Natl. Tr. Co. for Ocwen Real Est. Asset Liquidating Tr. 2007-1, Asset Backed Notes, Series 2007-1 v. Mallonn*, 2018-Ohio-1363, ¶ 21 (5th Dist.).

**ANALYSIS**

{¶17} The appellant's assignments of error are interrelated. Accordingly, we shall address them together.

{¶18} The appellant argues that the appellees owed her decedent a duty of care and, with regard to appellee AAA, conflates allegations of negligence with a breach of contract claim in an effort to establish a duty in tort on the part of appellee AAA. We disagree with the appellant's analysis, and find that the appellees did not owe the appellant's decedent a duty of care.

{¶19} The elements of a cause of action in negligence are the existence of a duty; a breach of the duty; proximate case; and, damages. *Jeffers v. Olexo,* 43 Ohio St.3d 140, 142. These elements were adeptly discussed by this Court in *Keister v. Park Ctr. Lanes*, 3 Ohio App. 3d 19, (1981):

> Compare a negligence case to a *hurdle race.* Plaintiff runs the race alone at first. Plaintiff's *run* to the *finish line* (verdict), is interrupted by several hurdles, each of which must be crossed in succession before he

gets into the *stretch*—the foot race to the finish line. Until he crosses all the hurdles he is in the hands of the judge. Legal questions are involved. When he reaches the stretch the race to the finish line is in the hands of the jury (fact finder).

*        *        *

> *Plaintiff's hurdles.* Plaintiff's first hurdle is DUTY. He must identify a duty, or duties, owed him by the defendant. Because this is a law question he crosses the hurdle if he alleges and identifies the duty.

*Id.* at 22. Thus, the appellant must first overcome the duty hurdle. If there is no duty, the appellant's claims must fail.

The Ohio Supreme Court discussed the issue of duty in the case of *Wallace v. Ohio Dep't of Com.*, 2002-Ohio-4210:

> "Duty, as used in Ohio tort law, refers to the relationship between the plaintiff and the defendant from which arises an obligation on the part of the defendant to exercise due care toward the plaintiff." *Commerce & Industry Ins. Co.,* 45 Ohio St.3d at 98, 543 N.E.2d 1188; see, also, *Huston v. Konieczny* (1990), 52 Ohio St.3d 214, 217, 556 N.E.2d 505. This court has often stated that the existence of a duty depends upon the foreseeability of harm: if a reasonably prudent person would have anticipated that an injury was likely to result from a particular act, the court could find that the duty element of negligence is satisfied. *Texler v. D.O. Summers Cleaners & Shirt Laundry Co.* (1998), 81 Ohio St.3d 677, 680, 693 N.E.2d 271; *Commerce & Industry,* 45 Ohio St.3d at 98, 543 N.E.2d 1188; *Menifee v. Ohio Welding*

*Products, Inc.* (1984), 15 Ohio St.3d 75, 77, 15 OBR 179, 472 N.E.2d 707. In addition, we have also stated that the duty element of negligence may be established by common law, by legislative enactment, or by the particular circumstances of a given case. *Chambers v. St. Mary's School* (1998), 82 Ohio St.3d 563, 565, 697 N.E.2d 198; *Eisenhuth v. Moneyhon* (1954), 161 Ohio St. 367, 53 O.O. 274, 119 N.E.2d 440, paragraph one of the syllabus….

*Id.* at ¶ 23. The appellant attempts to create a duty on the part of appellee AAA by virtue of contract, and attempts further to extend this duty to appellee Finlayson Towing. This argument fails as to appellee Finlayson, as there was no contractual relationship between the appellant and Finlayson, and can only succeed as to appellee AAA if the harm caused to the appellant's decedent was foreseeable.

**{¶20}** The Ohio Supreme Court discussed the foreseeability of harm in the seminal case of *Menifee v. Ohio Welding Prod., Inc.,* 15 Ohio St. 3d 75 (1984):

The test for foreseeability is whether a reasonably prudent person would have anticipated that an injury was likely to result from the performance or nonperformance of an act. *Freeman v. United States* (C.A. 6, 1975), 509 F.2d 626; *Thompson v. Ohio Fuel Gas Co.* (1967), 9 Ohio St.2d 116, 224 N.E.2d 131 [38 O.O.2d 294]; *Mudrich v. Standard Oil Co.* (1950), 153 Ohio St. 31, 90 N.E.2d 859 [41 O.O. 117]. The foreseeability of harm usually depends on the defendant's knowledge. *Thompson, supra.*

In determining whether appellees should have recognized the risks involved, only those circumstances which they perceived, or should have

perceived, at the time of their respective actions should be considered. Until specific conduct involving an unreasonable risk is made manifest by the evidence presented, there is no issue to submit to the jury. *Englehardt v. Philipps* (1939), 136 Ohio St. 73, 23 N.E.2d 829 [15 O.O. 581]; Prosser & Keeton Law of Torts (5 Ed.1984) 169, Section 31. Although each appellee raises various arguments in its defense, they all stand on one common ground: General Electric was the only entity with the knowledge required to prevent the decedent's injuries. It was clearly established by the parties before the trial court that only General Electric knew that the compressed air was going to be used for breathing purposes. In fact, General Electric represented to the appellees that the compressed air was going to be used to power air tools. Therefore, in the absence of the requisite knowledge, appellees could not have foreseen or reasonably anticipated the decedent's injuries and, as a matter of law, cannot be held liable for negligence. *Johnson v. Kosmos Portland Cement Co.* (C.A. 6, 1933), 64 F.2d 193; *Hetrick v. Marion-Reserve Power Co.* (1943), 141 Ohio St. 347, 48 N.E.2d 103 [25 O.O. 467].

*Id.* at 77. So, too, can the appellees herein not be held responsible for the actions of defendants Hanslik and Jones. The appellees had no requisite knowledge of the fact that Jones would entrust his vehicle to Hanslik despite his known drug use and suspended license, nor that Hanslik would drive Jones' vehicle while under the influence of alcohol and/or drugs and crash into the vehicle in which the appellant's decedent was sitting. While the events of December 29, 2022, are unquestionably tragic, the appellees are not

legally responsible for the conduct of Hanslik and Jones. Further, the appellees are not responsible for the criminal acts of Hanslik. Accordingly, the appellees owed no duty to the appellant's decedent, and the trial court correctly granted the appellees' motions to dismiss and for judgment on the pleadings.

Furthermore, assuming arguendo that a duty could be found, the intervening criminal acts of defendant Hanslik supersede any such duty. As succinctly discussed by the court in *Wheatley v. Marietta Coll.,* 2016-Ohio-949, (4th Dist.):

> "[T]here must appear from the facts and the circumstances of the case presented that the defendant had some prior knowledge or experience of the type of occurrence which occasioned the plaintiff's injuries, as alleged, or that the defendant should reasonably have known of or anticipated the type of danger or acts of third persons which resulted in the injuries sustained by the plaintiff."

> *Townsley v. Cincinnati Gardens, Inc.,* 39 Ohio App.2d 5, 7–8, 314 N.E.2d 409 (1st Dist.1974); *Johnson v. Spectrum of Supportive Services,* 8th Dist. Cuyahoga No. 82267, 2003-Ohio-4404, 2003 WL 21982915, ¶ 21 (citations omitted) (stating that foreseeability of criminal acts standard "requires more than knowledge of a potential future problem based on past occurrences. It requires (1) specific knowledge of a potential future problem based on past occurrences along with (2) a substantial likelihood that such an incident would occur"). Under this analysis, therefore, it is not enough for an invitee to show that a premises owner should have foreseen a substantial risk of general harm to the invitee, but instead, the invitee must

demonstrate that a premises owner should have foreseen a substantial risk of the precise harm that befell the invitee. The Ohio Supreme Court has not yet, to our knowledge, specifically weighed in on this issue as it relates to a premises owner's duty to protect an invitee from a third person's criminal act.[5] Regardless, under any foreseeability analysis (specific harm or general harm),[6] we do not believe that the evidence in the case sub judice shows that a reasonable person would have anticipated that criminal conduct posed a substantial risk of harm to appellant.

*Id.* at ¶ 63. In the case sub judice, there is no evidence to suggest that the appellees should have foreseen the negligent entrustment of defendant Jones and/or the criminal acts of defendant Hanslik. It is not enough that a drunk driver might potentially strike the vehicle in which the appellant's decedent was sitting; the appellees must have specific knowledge of a potential future incident based upon past occurrences along with a substantial likelihood that such an incident would occur. There is no such substantial likelihood in this case. As stated by the *Wheatly* court:

We further note that "[t]he test for foreseeability is one of likelihood, not mere possibility." *Shadler v. Double D. Ventures, Inc.,* 6th Dist. Lucas No. L–03–1278, 2004-Ohio-4802, 2004 WL 2026412, ¶ 31 (stating that simply because fights occasionally occur in some bars does not mean that "a fight is imminent and foreseeable every day in every bar").

" '[T]he mere fact that misconduct on the part of another might be foreseen is not of itself sufficient to place the responsibility upon the defendant.' Prosser & Keeton, [Law of Torts (5 Ed.1984) ] at 305. Rather,

'[i]t is only where misconduct was to be anticipated, and taking the risk of it was unreasonable, that liability will be imposed for consequences to which such intervening acts contributed.' *Id.* at 313."

*Id.* at ¶61. The mere possibility that an individual might be driving while under the influence of drugs and/or alcohol at the same time the appellant's decedent was awaiting towing services, and cause a crash, is insufficient to place responsibility for the December 29, 2022, accident upon the appellees. The trial court correctly granted the appellees' motions to dismiss and motions for judgment on the pleadings. Accordingly, we find the appellants' assignments of error to be without merit.

## CONCLUSION

**{¶21}** Based upon the foregoing, the appellant's assignments of error numbers one through four are overruled, and the decision of the Stark County Court of Common Pleas is hereby affirmed.

By: Baldwin, J.

Delaney, P.J. and

Gwin, J. concur.