Stewart, J.
 

 Defendant insists that it is entitled to a judgment in its favor for several reasons which can be encompassed by three propositions:
 

 1. That it owed no duty to plaintiff.
 

 2. That plaintiff assumed the risk of the injury he received when he jumped into the gasoline fire for the purpose of putting it out.
 

 3. That any negligence on the part of defendant was not the proximate cause of the injuries to plaintiff but that an intervening cause broke the chain of causation between the spilling of the gasoline and the burns which plaintiff received.
 

 We shall discuss the propositions in the order in which we have named them.
 

 Did defendant owe plaintiff any duty?
 

 Defendant contends that plaintiff was a trespasser or at best a gratuitous licensee or social guest of the land occupier’s son; and that defendant itself, which regularly supplied the Solka general store with gasoline, was a business visitor and entitled to the same immunities from liability with respect to an open and
 
 *35
 
 visible condition of the land as the occnpier of the land. Defendant contends further that it is the law of this state that an occupier of land owes a trespasser or gratuitous licensee no duty except to avoid intentional harm and to warn him of hidden perils.
 

 Paragraph one of the syllabus in
 
 Soles, Admr.,
 
 v.
 
 Ohio Edison Co.,
 
 144 Ohio St., 373, 59 N. E. (2d), 138, reads as follows:
 

 “An occupier of land, either as lessee, tenant or by sufferance, owes no duty to a trespasser or licensee upon such land except -to refrain from wanton, willful or reckless misconduct which is likely to injure him.” See, also,
 
 Hannan, Admr.,
 
 v.
 
 Ehrlich,
 
 102 Ohio St., 176, 131 N. E., 504.
 

 Without deciding whether a business visitor enjoys the same immunity as an occupier of land, and without further deciding whether plaintiff was more than a mere licensee, it might well be argued that if plaintiff had come upon the Solka premises and been injured in playing around the truck of defendant, defendant would not have been liable for injuries which plaintiff received. However, defendant was a business visitor for the purpose of putting gasoline into the Solka tanks and not in spilling it and leaving it in pools upon the ground, and when defendant negligently did that it exceeded its function as a business visitor and became liable to any one injured as a direct and proximate result of its negligence.
 

 It cannot be said that the occupier of the land acquiesced in the action of defendant simply because defendant’s driver notified the 16-year old son of the proprietor of the Solka store, for the reason that in that notification, by assuring the son that the gasoline would evaporate, the driver lulled any forebodings the son might have had causing him to pay no more attention to it.
 

 We are of the opinion that the negligent spilling of gasoline upon the ground and the leaving of it in pools
 
 *36
 
 'without any effort to get rid of it were beyond the scope of the business-guest activities of defendant, and that it would be liable for any damages which were the proximate result of such negligence.
 

 The second proposition to which we direct our attention concerns the question of assumption of risk by plaintiff.
 

 Defendant requested the court to give a special charge on this subject, which the court properly refused because the proffered charge did not contain all the elements of the doctrine of assumption of risk. Thereafter defendant made no further request for a charge on the doctrine and the court in its general charge, though it stated that defendant was interposing the defense of assumption of risk, did not further define it. No special exception was taken by defendant to the court’s omission of a charge on assumption of risk.
 

 The court in its general charge fully and correctly defined contributory negligence, particularly as it relates to children, and told the jury, in substance, that if plaintiff was guilty of negligence which proximately contributed to his injury he could not recover.
 

 There is a difference between assumption of risk and contributory negligence. If one has full knowledge of an open and visible condition, appreciates the dangers incident thereto and voluntarily acts with reference thereto, he assumes the risk of the attendant dangers. Contributory negligence, on the other hand, is the failure to exercise the degree of care with reference to a situation which an ordinarily prudent person, under the same or similar circumstances, would have exercised.
 

 The Court of Appeals in the instant case held “that when the seven-and-one-half-year-old child jumped into the fire for the purpose of extinguishing it he did not accept a danger which he clearly understood and that
 
 *37
 
 he did not have a foresight of the consequences of his act and a readiness to accept them.”
 

 There is much persuasive force in the holding of the Court of Appeals, but, in any event, since the jury held that this particular plaintiff, less than eight years of age, was not guilty of contributory negligence it is difficult to perceive how, under any correct charge, it could have found that such plaintiff assumed the risk.
 

 The omission in the charge of assumption of risk was not called to the attention of the court nor excepted to by defendant further than the proffer of an incorrect charge before argument. It could not reasonably be claimed that plaintiff assumed the risk with an appreciation of the dangers of it as a matter of law, and since defendant did not further bring up the question after the refusal to give its incorrect proffered charge, we do not see how any claimed error upon this question can be prejudicial.
 

 The third proposition to which we direct our attention is the most troublesome of all. Were the negligent acts of defendant the proximate cause of the injury suffered by plaintiff?
 

 It is strenuously argued by defendant that its causing the gasoline to be spilled and to remain in pools would have produced no injury to plaintiff or any one else except for the intervening act of Jimmy Solka in setting fire to the pools and of plaintiff in jumping into a burning pool for the purpose of extinguishing it, and that these intervening acts broke the chain of causation between the acts of defendant and the injury to plaintiff.
 

 Although it is true that if the causal connection between an act of negligence and an injury has been broken by an intervening cause which was not reasonably foreseeable by the one guilty of the negligence, the injury is not the proximate result of the negligence, nevertheless, as is stated in the first paragraph of the syllabus in
 
 Mouse
 
 v.
 
 Central Savings & Trust Co.,
 
 120
 
 *38
 
 Ohio St., 599, 167 N. E., 868, “the mere fact that the intervention of a responsible human being can be traced between the defendant’s alleged wrongful act and the injury complained of does not absolve him upon the ground of lack of proximate cause if the injury ensued in the ordinary course of events, and if the intervening cause was set in motion by the defendant. ’ ’
 

 On page 605
 
 et seq.,
 
 in the
 
 Mouse case,
 
 Judge Allen quoted with approval from 22 Buling Case Law, 132, as follow's:
 

 “ ‘It is universally agreed that the mere fact that the intervention of a responsible human being can be traced between the defendant’s wrongful act and the injury complained of will not absolve him. On the contrary the general rule is that whoever does a wrongful act is answerable for all the consequences that may ensue in the ordinary course of events, though such consequences are immediately and directly brought about by an intervening cause, if such intervening cause was set in motion by the original wrongdoer, or was in reality only a condition on or through which the negligent act operated to produce the injurious results. Any number of causes and effects may intervene between the first wrongful cause and the final injurious consequence; and if they are such as might, with reasonable diligence, have been foreseen, the last result, as well as the first, and every intermediate result, is to be considered in law as the proximate result of the first wrongful cause. The question always is: Was there any unbroken connection between the wrongful act and the injury, a continuous operation? Did the facts constitute a succession of events, so linked together as to make a natural whole, or was there some new and independent cause intervening between the wrong and the injury? The test is to be found in the probable injurious consequences which were to be anticipated, not in the number of subsequent events and agencies which might arise.’ ”
 

 
 *39
 
 Whether an intervening act breaks the causal connection between negligence and injury depends upon whether that intervening cause was reasonably foreseeable by the one who was guilty of the negligence. If an injury is the natural and probable consequence of a negligent act and it is such as should have been foreseen in the light of all the attending circumstances, the injury is then the proximate result of the negligence. It is not necessary that the defendant should have anticipated the particular injury. It is sufficient that his act is likely to result in an injury to someone.
 
 Neff Lumber Co.
 
 v.
 
 First National Bank of St. Clairsville, Admr., 122
 
 Ohio St., 302, 309, 171 N. E., 327.
 

 Defendant proffered special charges with reference to intervening causes and their foreseeability by defendant, but the giving of them was properly refused by the court for the reason that they contemplated that the very acts of Jimmy Solka and plaintiff must have been reasonably foreseen by defendant before plaintiff can recover. The test was not whether defendant should have reasonably foreseen the injury in the precise form in which it resulted, or should have anticipated the particular acts which flowed from the creation of the gasoline pools and the failure to remove them, but whether in the light of all the circumstances an injury was likely to result to someone.
 

 Was it a question of fact whether the conduct of Jimmy Solka and plaintiff was reasonably foreseeable? Surely it could be argued that if they had been .older children or adults no one could reasonably have foreseen that they would set afire pools of gasoline or make ill-chosen efforts to extinguish the fire by jumping into it. But these were boys less than 8 years of age.. It is a matter of common knowledge that matches, the lighting of fires and fire itself are almost irresistible to young children, and we cannot say as a matter of law that it cannot reasonably be foreseen that, if gasoline is carelessly left in pools on premises where
 
 *40
 
 children congregate and play, these pools will be set afire and in attempting to extinguish the fire a child or children will be burned. Whether such consequences were reasonably foreseeable presented a question upon which reasonable minds might differ and, therefore, under proper instructions as to proximate cause, which were given in the instant case by the trial court, the question of foreseeability was one for the jury.
 

 The instant case was certified to this court because of its supposed conflict with the holding in the
 
 Rossiaki case, supra.
 

 In the
 
 Rossiaki case,
 
 West Side Motors, Inc., left an abandoned car on a vacant lot owned by The Almira Company. There was gasoline in the car's tank but no cap on it. Rossiaki was seen on the day of the accident near the tank and was also seen lighting a match. Simultaneous with the lighting of the match there was an explosion and Rossiaki was burned. The trial court directed a verdict in favor of both the owner of the real estate and West Side Motors, Inc.
 

 Without passing upon the correctness of the judgment in the
 
 Rossiaki case,
 
 which is not before us, we call attention to the difference in the factual situation between it and the instant case.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Matthias, Zimmerman and Turner, JJ., concur.
 

 Hart and Taft, JJ., dissent.