JOURNAL ENTRY AND OPINION
Plaintiff-appellants Cynthia and Brian Sanders appeal the summary judgment granted in favor of defendants-appellees Anthony Allega Contractors Inc. and the City of Cleveland in the Cuyahoga County Court of Common Pleas on appellants' claims of negligence. For the reasons stated below, the decision of the trial court is affirmed in part and reversed in part.
The facts giving rise to this appeal are as follows. On November 26, 1995, Sunday evening, Cynthia and Brian Sanders accompanied by two business associates, attended the Browns-Pittsburgh Steelers football game at the Cleveland Municipal Stadium. After the game, following a different route than when they arrived, while walking toward E. 9th Street to their parked car, the group, carried along by the flow of pedestrians, walked across the E. 9th Street westbound entrance ramp to Route 2. New guard rails were being installed along the paved roadway by Allega Contractors. The group progressed across the pavement onto the dirt construction area, where after a few steps, Cynthia stepped into a hole approximately knee deep and suffered a fractured tibia. On May 14, 1996, the Sanders initiated the within action wherein Cynthia asserted a claim of negligence against both Allega and the City of Cleveland for their creation of a nuisance, creation of a dangerous condition and their failure to provide adequate warnings. Brian claimed loss of consortium. The City of Cleveland brought a cross-claim against Allega for indemnification and/or contribution pursuant to R.C. 2307.31 and R.C. 2307.32.
On August 29, 1997, Allega and the City of Cleveland filed a joint motion requesting summary judgment. After briefing on the issues, on July 1, 1998 the trial court granted judgment in their favor citing without opinion: Jeffers v. Olexo; Posin v. ABC; andMenifee v. Ohio Welding. This appeal follows in which appellants advance a single assignment of error.
 THE TRIAL COURT ERRED IN GRANTING THE DEFENDANTS-APPELLEES SUMMARY JUDGMENT ON ALL OF THE CLAIMS CONTAINED IN THE COMPLAINT.
This court reviews the lower court's grant of summary judgmentde novo. Brown v. Scioto Bd. of Commrs. (1993), 87 Ohio App.3d 704. An appellate court applies the same test as a trial court, which test is set forth in Civ.R. 56(C), which specifically provides that before summary judgment may be granted it must be determined that:
 (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
Temple v. Wean United Inc., (1977), 50 Ohio St.2d 317, 327.
Moreover, it is well-settled that the party seeking summary judgment bears the burden of showing that no genuine issue of material fact exists for trial. Celotex Corp. v. Catrett (1987),477 U.S. 317, 330; Dresher v. Burt (1996), 75 Ohio St.3d 280,293. Doubts must be resolved in favor of the nonmoving party.Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 358-359.
In accordance with Civ.R. 56(E), "a nonmovant may not rest on the mere allegations or denials of his pleading but must set forth specific facts showing there is a genuine issue for trial."Chaney v. Clark Cty. Agricultural Soc. (1993), 90 Ohio App.3d 421,424. The nonmoving party must produce evidence on any issue for which that party bears the burden of production at trial.Dresher, supra; Celotex, supra at 322.
With these standards in mind, we find that the trial court properly granted judgment in favor of the City of Cleveland.
The Political Subdivision Tort Liability Act sets forth a general grant of immunity to a political subdivision for injury or loss incurred from its acts and omissions, as well as those of its employees, through the exercise of any governmental or proprietary functions. R.C. 2744.02(A)(1). This subdivision of the statute, in pertinent part, provides:
 [A] political subdivision is not liable in damages in a civil action for injury, death, or loss to persons or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or a proprietary function.
R.C. 2744.01(C)(2)(e) specifically classifies the maintenance and repair of roads, highways, streets, and sidewalks as a governmental function. Accordingly, in the present case, the immunity extended to a political subdivision by R.C.2744.02(A)(1) operates to keep the City immune from claims based on any injury to person or property that resulted in connection with its performance of its governmental function of repairing and maintaining the roads unless its actions fall into one of the statutory exceptions to immunity enumerated in R.C. 2744.02(B). R.C. 2744.02(B) sets forth four exceptions to the immunity granted to a political subdivision in R.C. 2744.02(A)(1).
Appellants claim that the exception set forth in R.C.2744.02(B)(3) excepts the City from the general grant of governmental immunity on the basis that the unguarded deep holes created a qualified nuisance, citing Taylor v. Cincinnati (1944),143 Ohio St. 426.
R.C. 2744.02(B)(3), provides that, subject to certain defenses, a political subdivision will be liable for its "failure to keep public roads, highways, streets, avenues, alleys, sidewalks, bridges * * * or public grounds within the political subdivision open, in repair, and free from nuisance."
We find Taylor to be distinguishable and find appellant's reliance on R.C. 2744.02(B)(3) in these circumstances to be misplaced. In Taylor the duty imposed upon the municipality was the exercise of ordinary care to keep its streets, sidewalk and other public areas open, in repair and free from nuisance. The "asserted qualified nuisance" was the existence of a tree, although lawfully within the ambit of the roadway, was in such close proximity to the paved portion of the highway as to create a nuisance. "The duty of the political subdivision to keep its right of way free from nuisance only exists to the extent that the condition on the right of way creates a nuisance on the adjacent street or sidewalk that renders ordinary travel thereon unsafe. See, e.g., Mfr's Natl. Bank v. Erie Cty. Rd. Comm.
(1992), 63 Ohio St.3d 318, 587 N.E.2d 819, first paragraph of the syllabus (permanent visibility obstruction within highway right-of-way can be nuisance for which political subdivision may be liable under R.C. 2744.02(B)(3) when obstruction renders regularly traveled portions of highway unsafe for usual and ordinary course of travel); Dickerhoof v. City of Canton (1983),6 Ohio St.3d 128, 451 N.E.2d 1193, second paragraph of syllabus (municipal corporation may be held liable for injuries resulting from its failure to keep the shoulder of a highway in repair and free from nuisance where such defect renders the highway unsafe for normal travel); Palko v. City of Elyria (1993), 86 Ohio App.3d 211,620 N.E.2d 232 (three foot drop-off on public right-of-way was not a nuisance that municipality is responsible for where condition did not render travel on adjacent concrete sidewalk unsafe)." Shank v. City of Springfield (May 3, 1995), Clark App. No. 94-CA-71, unreported.
Here, the alleged nuisance was created on the unimproved portion of the vehicle entrance ramp to Route 2. The unimproved portion of the property was not intended for use by either vehicles or pedestrians. Thus, even where we view the evidence in a light most favorable to appellants, we cannot conclude that the exception to the immunity as set forth in R.C. 2744.02(B)(3) applies to this area alongside the roadway which is not included in the statute. Therefore, R.C. 2744.02(B)(3) does not obligate the City to keep this area free from nuisance. Shank, id.
Accordingly, the exception does not apply here and we find appellee City of Cleveland is immune from suit pursuant to R.C.2744.02(A)(1) and is entitled to judgment as a matter of law.
Nonetheless, we find that summary judgment was improvidently granted to appellee Allega. In its motion for summary judgment, Allega argued that appellant was merely a trespasser and, as such, Allega only owed her the duty to refrain from wanton, wilful or reckless misconduct. We find Allega's assertions to be unpersuasive.
"Historically, a landowner's liability in tort is incident to the occupation or control of the land, which involves the owner's right and power to admit and exclude people from the premises.Wills v. Frank Hoover Supply (1986), 26 Ohio St.3d 186, 188, 26 OBR 160, 162, 497 N.E.2d 1118, 1120; Mitchell v. Cleveland Elec.Illum. Co. (1987), 30 Ohio St.3d 92, 94, 30 OBR 295, 297,507 N.E.2d 352, 354." However, an independent contractor who creates a dangerous condition on real property is not relieved of liability under the doctrine which exonerates an owner or occupier of land from the duty to warn those entering the property concerning open and obvious dangers on the property.Simmers v. Bentley Construction Co. (1992), 64 Ohio St.3d 642, syllabus.
In this case, Allega was an independent contractor who had no property interest in the premises and allegedly created a dangerous condition upon the City's property. Since Allega held no property interest in the premises, we must look to the law of negligence to determine Allega's duty of care. See Simmers,supra.
In order to sustain an action in negligence, a party must establish the three essential elements: duty, breach of the duty, and an injury proximately caused by the breach. Menifee v. OhioWelding Products, Inc. (1984), 15 Ohio St.3d 75. In order to defeat a motion for summary judgment brought in a negligence action, a plaintiff must identify a duty owed to him by the defendant. The evidence must be sufficient, when considered most favorably to the plaintiff, to allow reasonable minds to infer that the duty was breached, that the breach of that duty was the proximate cause of the plaintiff's injury and that the plaintiff was injured. Feichtner v. Cleveland (1995), 95 Ohio App.3d 388,394; Keister v. Park Centre Lanes (1981), 3 Ohio App.3d 19,22-23; see, also, Wellman v. East Ohio Gas Co. (1953), 160 Ohio St. 103. The existence of a duty in a negligence action is a question of law for the court, and there is no express formula for determining whether a duty exists. Mussivand v. David (1989),45 Ohio St.3d 314, 318. The existence of a duty is fundamental to establishing actionable negligence, without which there is no legal liability. See Jeffers v. Olexo (1989), 43 Ohio St.3d 140,142; Feichtner, supra. When one fails to discharge an existing duty, there can be liability for negligence. Id.
Appellee Allega argued that it owed no duty to plaintiff because a reasonably prudent person would not anticipate that appellant would cross a highway ramp and walk in the dark through a construction site, thus rendering appellant's fall into the hole unforeseeable.
Whether a duty exists depends largely on the foreseeability of the injury to one in the plaintiff's position. Only when the injured person comes within the circle of those to whom injury may be reasonably anticipated does the defendant owe a duty of care. Gedeon v. East Ohio Gas Co. (1934), 128 Ohio St. 335, 338. "The law of foreseeability, as announced in Neff Lumber Co. v.First National Bank (1930), 122 Ohio St. 302, 309, 171 N.E. 327, and followed in Mudrich v. Standard Oil Co. (1950), 153 Ohio St. 31,39, 90 N.E.2d 859, is as follows: `* * * It is not necessary that the defendant should have anticipated the particular injury. It is sufficient that his act is likely to result in injury to someone.'" Strother v. Hutchinson (1981), 67 Ohio St.2d 282, 287.
An injury is not actionable unless it could be foreseen or reasonably anticipated as the probable result of an act of negligence. Strother, supra. An act is foreseeable if a reasonably prudent person, under the same or similar circumstance, would have anticipated the injury to the plaintiff as a result of his actions. Commerce Industry Insurance, Co. v.City of Toledo (1989), 45 Ohio St.3d 96, 98; Jeffers supra at the syllabus; Reed v. Weber (1992), 83 Ohio App.3d 437, 441.
The question before the court is this: was the scenario leading to Cynthia Sanders injury foreseeable? If the scenario leading to her injury was reasonably foreseeable, then Allega owed her a duty, in addition to exercising ordinary care for her safety, to warn her of the presence of deep post holes.
Construing the facts most favorably for appellant, the non-moving party, we find that: 1) a reasonably prudent person could have foreseen the dangerousness of the deep post holes in a dark construction site; 2) a reasonably prudent person could have foreseen that pedestrians emerging from the adjacent Cleveland Municipal Stadium would traverse in large groups across the access ramps and walk across the bordering ground within the construction area; and 3) a reasonably prudent person could have foreseen that such pedestrian could be injured by stepping into unmarked deep holes concealed by both darkness and the crowded conditions. See Commerce Industry Ins. Co., supra at 98; Reed,
supra at 441; Jeffers, supra at the syllabus. Therefore, because such injury was foreseeable, Allega owed appellant a duty.
Once the existence of duty is found, appellant must show that appellee breached the duty and the breach proximately caused her injury. Mussivand v. David, supra at 318. Appellant claims that Allega failed to adequately warn her of the latent dangers which they created. On the other hand, Allega argues that the voluntary step in the dark rule is evidence of contributory negligence as a matter of law; that it owed no duty because appellants' actions in crossing the state highway were in violation of city ordinances and state statutes which constitute negligence per se;
that even if it owed appellant the duty of ordinary care, in this case the danger was so open and obvious that she should be expected to have discovered it and protected herself because the claimed hazard was not hidden from view or concealed; that the duty to warn exercised in ordinary care was demonstrated by their placement of orange construction barrels, thus, no liability exists on their part because notice of the condition was clearly given to her; and, that because appellant knew she was walking on muddy and uneven ground, she had equal or greater knowledge of the defect and is barred from recovery. In essence, Allega asserts that appellant's negligence entitles Allega to summary judgment. We do not agree.
Appellant's contributory negligence, if any, does not automatically bar recovery for damages directly and proximately caused by Allega's negligence. See R.C. 2315.19(A)(2). Under the comparative negligence statute, a plaintiff may recover where his contributory negligence is equal to or less than the combined negligence of all the defendants. R.C. 2315.19. As such, the level of contributory negligence of the injured party is a question for the jury unless the evidence is so compelling that reasonable minds can reach one conclusion. Simmers, supra;Borchers v. Winzeler Excavating Co. (1992), 83 Ohio App.3d 268,277-278.
From the record before us, reasonable minds could reach different conclusions as to whether Allega breached its duty to appellant; whether appellant was contributorily negligent; if found to be negligent, to what extent the negligence of Allega or appellant was the proximate cause of appellant's injuries and what percentage of the damages should be attributed to the respective parties.
Therefore, we reverse the trial court's entry of judgment in favor of Allega and remand the matter to the trial court because genuine issues of material fact remain.
Judgment affirmed in part, reversed in part and remanded.
This cause is affirmed in part, reversed in part and remanded for further proceedings consistent with the opinion herein.
It is, therefore, ordered that appellants and appellees equally share the costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _____________________________ TIMOTHY E. McMONAGLE PRESIDING JUDGE
PATRICIA A. BLACKMON, J., CONCURS; and MICHAEL J. CORRIGAN, J., DISSENTS WITH DISSENTING OPINION.