OPINION *Page 2 
{¶ 1} Appellant Richard W. Smith appeals the judgment of the Perry County Court of Common Pleas granting summary judgment in favor of Appellee Edward P. Dalrymple. For the following reasons, we reverse and remand this matter for further proceedings.
 {¶ 2} This personal injury action arose from a pedestrian/automobile accident that occurred in the early morning hours of November 8, 2003 on State Route 13 near the intersection of Township Road 1013 in Perry County, Ohio. State Route 13 is a rural, two lane highway. Jason Dodson was driving a 48-foot semi tractor-trailer on State Route 13 with Smith as a passenger. The men had just completed a trip to Chicago and Dodson was driving Smith to Smith's personal vehicle parked at the home of Dodson's parents. After Smith got his car, he was to then pick up Dodson who planned to park the truck about a half-mile down the road.
 {¶ 3} At approximately 5:30 a.m., Dodson stopped the truck in the southbound lane of State Route 13. Dodson stopped the truck entirely on the roadway with its brake lights and flashers on. Smith disembarked from the passenger side of the cab and walked around the front of the cab. Almost immediately upon entering the roadway, Smith was struck by Darylmple. Darylmple was also traveling in the southbound lane of State Route 13 on his way to work. Dodson, who had remained in the driver's seat, witnessed the accident and testified:
 {¶ 4} "Q: Okay. And did you happen to observe anything else as you were watching Rick (Smith) walk in front of your hood? *Page 3 
 {¶ 5} "A: The whole reason I stopped and let him know to go ahead and get out is because it was in the middle of a straight stretch. It was dark. I didn't see any sign of headlights when I stopped. So I stopped, let him out, and the car — it was soon enough that the vehicle had — you can see him slowed down behind me and I thought okay. It was time enough for me to think, okay, well, everything's still okay, and then I heard the car speeding up and passing us. Before I even had time to hit the horn to warn, he had gotten hit.
 {¶ 6} "Q: To warn Rick?
 {¶ 7} "A: Yes." Dep. of Jason Dodson, p. 46-47.
 {¶ 8} Dodson further testified that he only saw Smith for a split-second before the accident because the hood of the truck blocked his view. Id. at p. 58, 62.
 {¶ 9} Dalyrmple testified he was traveling southbound on State Route 13 on his way to work when he approached Dodson's rig stopped in the roadway with its brake lights and flashers on. He testified:
 {¶ 10} "Q: * * * [W]hy don't you tell me what happened? That will be the easiest.
 {¶ 11} "A: * * * "The speed limit through there is 50 miles an hour. I slow down to at least 30 to 35 mile an hour. It's a straight stretch. You can see visibility quite a ways down the road. There's no traffic coming, so I turn my blinker, pass the truck on the left side. Just about the time I get to the front of the truck, I have this vision of something coming out in front of me, so I automatically swerve, and that's when I hit Mr. Smith." Dep. of Edward Dalrymple, p. 34-35.
 {¶ 12} Dalrymple admitted that he did not sound his horn or flash his lights as he passed Dodson's truck. Id. at p. 49. *Page 4 
 {¶ 13} As a result of the collision, Smith sustained serious head, abdominal and back injuries. Smith has no recollection of the accident. Dep. of Richard Smith, at p. 25.
 {¶ 14} Smith commenced suit against Dalrymple and Dodson in the Perry County Court of Common Pleas on November 2, 2005, alleging negligence on the part of both defendants. Motions for summary judgment were filed by both defendants and granted, without reasoning, by the trial court. Smith timely appealed the trial court's entry. This court affirmed the granting of summary judgment in favor of Dodson in Smith v.Dalrymple, Case No. 06-CA-23.
 {¶ 15} In this appeal, Appellant raises a single Assignment of Error:
 {¶ 16} "I. THE COMMON PLEAS COURT OF PERRY COUNTY, OHIO COMMITTED ERROR WHEN IT GRANTED A MOTION FOR SUMMARY JUDGMENT IN FAVOR THE NEGLIGENT TORTFEASOR, EDWARD P. DALRYMPLE, APPELLEE.
 SUMMARY JUDGMENT STANDARD {¶ 17} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Civ. R. 56 provides, in pertinent part:
 {¶ 18} "* * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that *Page 5 
reasonable minds can come to but one conclusion and that conclusion is adverse to the party against who the motion for summary judgment is made such party being entitled to have the evidence or stipulation construed most strongly in the party's favor. * * *"
 {¶ 19} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall, 77 Ohio St.3d 421, 429, 674 N.E.2d 1164,1997-Ohio-259, citing Dresher v. Burt, (1996), 75 Ohio St.3d 280,662 N.E.2d 264.
 {¶ 20} It is based upon this standard that we review Smith's assignment of error.
 I {¶ 21} Smith contends the trial court erred when it granted Dalrymple's motion for summary judgment because Dalrymple illegally and improperly drove in the wrong direction on a state road and failed to keep a vigilant look out for pedestrians near a stopped truck with emergency flashers operating. We agree.
 {¶ 22} We first find that Dalrymple does not dispute that he may have violated two Ohio traffic laws when he passed Dodson's truck that morning. Reviewing the evidence in a light most favorable to the Appellant, we find that reasonable minds could *Page 6 
conclude that the Civ.R. 56 evidence could demonstrate that Darlymple violated R.C. 4511.30(A)(3) and R.C. 4511.27 when he passed Dodson's truck. R.C. 4511.30(A)(3) states in pertinent part:
 {¶ 23} "No vehicle . . . shall be driven upon the left side of the roadway under the following conditions: * * * (3) When approaching within one hundred feet of or traversing any intersection or railroad crossing."
 {¶ 24} R.C. 4511.27 requires that the operator of a vehicle overtaking and passing vehicles proceeding the same direction shall give an audible signal to the vehicle to be overtaken and shall pass to the left at a safe distance. R.C. 4511.27 (A)(1) and (2).
 {¶ 25} Dalrymple claims he is entitled to judgment as a matter of law because Smith failed in his response to Dalrymple's motion for summary judgment to "set forth specific facts demonstrating that he actually looked, and by doing so exercised ordinary care for his own safety."Appellee's Brief, p. 8. In making this argument, Dalrymple relies upon R.C. 4511.46(B) that provides, in pertinent part: "[n]o pedestrian shall suddenly leave a curb or other place of safety and walk or run into the path of a vehicle * * * which is so close as to constitute an immediate hazard." Dalrymple also claims that Smith's decision to cross the road in front, not the rear, of the truck also placed him in peril as the truck obstructed the view of a southbound driver.
 {¶ 26} Dalrymple argues that Smith's own lack of care was an independent, intervening cause which severs the connection between his negligent act and the alleged harm because Dalyrmple "could not reasonably foresee Appellant's breach of duty to himself".Appellee's Brief, p. 11. *Page 7 
 {¶ 27} In the case of Cascone v. Herb Kay Co. (1983),6 Ohio St.3d 155, 451 N.E.2d 815, the Ohio Supreme Court held:
 {¶ 28} "Whether an intervening act breaks the causal connection between negligence and injury, thus relieving one of liability for his negligence, depends upon whether that intervening cause was a conscious and responsible agency which could or should have eliminated the hazard, and whether the intervening cause was reasonably foreseeable by the one who was guilty of the negligence. (Paragraph two of the syllabus ofThrash v. U-Drive-It Co., 158 Ohio St. 465 [49 O.O. 402], approved and followed.)
 {¶ 29} "Where the facts are such that reasonable minds could differ as to whether the intervening cause was a conscious and responsible agency which could or should have eliminated the hazard, whether the intervening act or cause was reasonably foreseeable by the original party guilty of negligence, present questions for submission to a jury which generally may not be resolved by summary judgment. Mudrich v.Standard Oil Co., 153 Ohio St. 31 [41 O.O. 117], approved and followed." Paragraphs one and two of the syllabus.
 {¶ 30} Upon review of the evidence properly before the Court, we find there are genuine issues of material fact that cannot be resolved by summary judgment. First, we find the Civ.R. 56 evidence presented by Dalrymple on the issue of whether Smith looked to his right or left prior to entering the other lane of travel to be insufficient to satisfy Dalrymple's initial burden on summary judgment. In this regard, Dalrymple relied upon the testimony of Dodson, who stated: *Page 8 
 {¶ 31} "Q: Did you ever see Mr. Smith look left, and then look right and then look left again?
 {¶ 32} "A: No, I didn't.
 {¶ 33} "Q: Did you see him look in any direction?
 {¶ 34} "A: No. But, again, to be fair, it was fast." Dep. of Dodson, p. 63.
 {¶ 35} Based on Dodson's split-second observation of Smith before Smith entered the lane of traffic, we find reasonable minds could come to differing conclusions as to whether Smith at any time looked to see if any vehicles were oncoming. Dodson's view of Smith was almost entirely obstructed by the hood of the truck, and it was only when Smith was one or two feet beyond the left side of the hood, did Dodson finally view the top of Smith's head. Dep. of Dodson, p. 79.
 {¶ 36} Even if Dalyrmple was deemed to have satisfactorily shifted the burden to Smith under Civ. R. 56, we further find there are issues of fact as to whether Smith's conduct was reasonably foreseeable to Dalyrmple. Dodson testified, "At least in my mind, when I see flashers, the first thing I do is look for people, that's the first thing I do because they are probably broke down or something's wrong, and you know, you look for people." Dep. of Dodson, p. 55.
 {¶ 37} In addition, there is a dispute of fact as to the speed Dalrymple was traveling when he passed Dodson's truck. Dalrymple testified he maintained a speed of 30-35 mph as he approached the truck and did not accelerate when he passed the truck. Dep. of Dalrymple, p. 38. However, Dodson testified that Dalrymple was almost completely stopped behind the truck and came around the truck, without signaling and was "speeding up to pass". Dep. of Dodson, p. 49. *Page 9 
 {¶ 38} Furthermore, Dalrymple does not dispute that he may have violated two Ohio traffic laws before striking Smith. Reasonable minds could conclude he was not traveling lawfully at the time of collision. Thus, it remains a jury question whether the causal connection between any negligence on the part of Dalrymple was broken by any negligence on the part of Smith. Smith presented sufficient evidence to rebut the presumption that Dalrymple was exercising ordinary care. Biery v.Pennsylvania Rd. Co. (1951), 156 Ohio St. 75, 99 N.E.2d 895, paragraph two of the syllabus. "In an action based on negligence, the presumption exists that each party was in the exercise of ordinary care and such presumption prevails until rebutted by evidence to the contrary." Id. The evidence is such that it might lead reasonable minds to conclude that Dalrymple's conduct was, in total or part, the proximate cause of Smith's injuries.
 {¶ 39} For these reasons, we find it was in error for the trial court to grant summary judgment in favor of Dalrymple. Smith's sole assignment of error is well taken and sustained.
 {¶ 40} The judgment of the Court of Common Pleas is reversed and this matter is remanded for further proceedings consistent with this decision and judgment entry.
 Gwin, P.J. and Wise, J. concur. *Page 10 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Perry County Court of Common Pleas is reversed and remanded. Costs assessed to appellee. *Page 1