[Cite as *H.H. Hamrick Farms, Inc. v. Ohio State Hwy. Dept.*, 2009-Ohio-7148.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

H. H. HAMRICK FARMS, INC.

Plaintiff

v.

OHIO STATE HIGHWAY DEPT.

Defendant

Case No. 2008-11761-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, Gary L. Hamrick, DBA as H. H. Hamrick Farms, Inc., operates a farm adjacent to State Route 49 in Mercer County. Plaintiff filed this action against defendant, Department of Transportation (ODOT), alleging ODOT failed to properly maintain a drainage culvert spanning State Route 49 which resulted in the flooding of 1.5 acres of soybean crop planted adjacent to the roadway. Plaintiff stated "[d]ue to (a) culvert not working on State Route 49 (north of Duck Creek Cemetary) water flooded and killed our soy bean crop in an area of approximately 1.5 acres." Plaintiff recalled the flood damage occurred on or about June 20, 2008. Plaintiff explained the culvert has collapsed due to heavy traffic on State Route 49 and consequently does not permit proper water flow, thereby creating flood like conditions on H. H. Hamrick Farms. Plaintiff pointed out defendant was notified of the collapsed culvert condition, but did not make any significant repairs to ameliorate the flooding of planted soybean acreage. Plaintiff seeks damages in the amount of $696.60 for the loss of a portion of the soybean crop (1.5 acres) for the 2008 season. The filing fee has been paid.

{¶ 2} Defendant acknowledged ODOT personnel were aware of "the culvert

draining slower and slower" on April 16, 2008. In response to this knowledge, ODOT work crews were dispatched to the site to clear out the culvert. Defendant explained the ODOT crew initially "used a vactor jet to suck out any junk, mud, etc. out of the culvert and pipe," but this proved unsuccessful in ameliorating drainage so a backhoe was brought to the location and used in an attempt to ascertain the cause of the drainage problem. Work was performed on April 16, 2008 and April 17, 2008. However, the drainage problem was not rectified during this initial work phase.

{¶ 3} Defendant submitted a written statement from ODOT Mercer County Transportation Manager, Chris Walter, regarding his recollection of attempts made to improve the drainage at the culvert location. Walter provided the following written description of work performed:

{¶ 4} "On or around April 16 we brought our backhoe out to the area to see if we could find out what the problem was. We attempted to find the tile at the catchbasin on the West side of S R 49, we dug down as deep as the backhoe would reach and could not find the tile. We dug from the catch basin to an area about 10 feet from the edge of S R 49. At that point we found the tile that came out from under S R 49, but from there to the West catch basin there was no sign of the tile. We dug down as far as we were able and found no evidence of the tile. Mr. Hamrick was present as we were searching for the tile. The tile was way too deep and the ground around it too unstable to be able to place a new tile in at the time. The job was too much for a backhoe to be able to dig so we had to close the hole and wait for a trackhoe to be able to work safely."

{¶ 5} According to ODOT records, the digging attempts made to search for the drainage tile were performed on June 3, 2008. According to Walter, a decision was made to return to the location on July 28, 2008 to "try to get the water to drain again." Walter described the work performed on that date noting the ODOT personnel "dug back down and put stone to make a French drain from the last pipe that we were able to find West to a low area" where water could drain. Walter related this effort to improve drainage seemed to work for a brief period, but then drainage problems continued. Nothing more was done after July 28, 2008 and a replacement drain pipe was scheduled for installation during the first week of May, 2009.

{¶ 6} Defendant submitted photographs (undated) depicting the flood like conditions on plaintiff's land created by the drainage problem at the culvert location.

The photographs show a virtual lake on the land adjacent to State Route 49. Defendant advised the terrain in Mercer County where plaintiff's farm is located is "very flat." Therefore, according to defendant "[t]his area basically drains by sub-surface tiles and during heavy rains there will always be ponding in low areas of the surrounding property such as" plaintiff's farm.

**{¶ 7}** Defendant contended plaintiff failed to offer sufficient evidence to prove the damage to the 2008 soybean crop was attributable to negligent maintenance on the part of ODOT personnel. Defendant asserted ODOT "made every attempt to correct the problem and was working on the culvert tile before plaintiff stated he had a problem on June 20, 2008."

**{¶ 8}** For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573, 788 N.E. 2d 1088, ¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

**{¶ 9}** "If an injury is the natural and probable consequence of a negligent act and it is such as should have been foreseen in light of all the attending circumstances, the injury is then the proximate result of the negligence. It is not necessary that the defendant should have anticipated the particular injury. It is sufficient that his act is likely to result in an injury to someone." *Cascone v. Herb Kay Co.* (1983), 6 Ohio St. 3d 155, at 160 quoting *Mudrich v. Std. Oil Co.* (1950), 153 Ohio St. 31.

**{¶ 10}** Defendant must exercise due diligence in the maintenance and repair of the highways. *Hennessy v. State of Ohio Highway Department* (1985), 85-02071-AD.

This duty encompasses a duty to exercise reasonable care in conducting its roadside maintenance activities to protect property from the hazards arising out of these activities. *Rush v. Ohio Dept. of Transportation* (1992), 91-07526-AD; *Phillips v. Dept. of Transp.*, Ct. of Cl. No. 2008-10374-AD, 2009-Ohio-5106. Reasonable or ordinary care is that degree of caution and foresight which an ordinarily prudent person would employ in similar circumstances. *Smith v. United Properties, Inc.* (1965), 2 Ohio St. 2d 310, 31 O.O. 2d 573, 209 N.E. 2d 142.

{¶ 11} Evidence in the instant claim establishes defendant acted negligently in attempting to complete drainage repairs. Defendant's response was inadequate and consequently, liability shall attach for the loss of plaintiff's crop due to the failure to maintain adequate drainage. The evidence tends to prove defendant maintained a nuisance condition. To constitute a nuisance, the thing or act complained of must either cause injury to the property of another, obstruct the reasonable use or enjoyment of such property, or cause physical discomfort to such person. *Dorrow v. Kendrick* (1987), 30 Ohio Misc. 2d 40, 30 OBR 481, 508 N.E. 2d 684. "[A] civil action based upon the maintenance of a qualified nuisance is essentially an action in tort for the negligent maintenance of a condition, which, of itself, creates an unreasonable risk of harm, ultimately resulting in injury. The dangerous condition constitutes the nuisance. The action for damages is predicated upon carelessly or negligently allowing such condition to exist." *Rothfuss v. Hamilton Masonic Temple Co.* (1973), 34 Ohio St. 2d 176, 180, 63 O.O. 2d 270, 297 N.E. 2d 105. Defendant is liable to plaintiff for the damage claimed, $696.60, plus the $25.00 filing fee which may be awarded as compensable costs pursuant to R.C. 2335.19. See *Bailey v. Ohio Department of Rehabilitation and Correction* (1990), 62 Ohio Misc. 2d 19, 587 N.E. 2d 990.

## Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

H. H. HAMRICK FARMS, INC.

Plaintiff

v.

OHIO STATE HIGHWAY DEPARTMENT

Defendant

Case No. 2008-11761-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE
DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $721.60, which includes the filing fee. Court costs are assessed against defendant.

Deputy Clerk

Entry cc:

Robert C. Young
120 W. Main Street
P.O. Box 525
Van Wert, Ohio  45891

Jolene M. Molitoris, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

RDK/laa
10/2
Filed 10/27/10
Sent to S.C. reporter 2/22/10