[Cite as *Socha v. Ohio Dept. of Rehab. & Corr.*, 2011-Ohio-2619.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MICHAEL P. SOCHA

    Plaintiff

    v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

    Defendant

    Case No. 2009-06621

Judge Joseph T. Clark
Magistrate Matthew C. Rambo

JUDGMENT ENTRY

{¶ 1} This case is sua sponte assigned to Judge Joseph T. Clark to conduct all proceedings necessary for decision in this matter.

{¶ 2} On October 12, 2010, the magistrate issued a decision recommending judgment for plaintiff.

{¶ 3} Civ.R. 53(D)(3)(b)(i) states, in part: "A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i)." On November 29, 2010, with leave of court, defendant filed its objections and a transcript of the trial. On December 29, 2010, with leave of court, plaintiff filed a response.

{¶ 4} At all times relevant, plaintiff was an inmate in the custody and control of defendant at Trumbull Correctional Institution (TCI) pursuant to R.C. 5120.16. On September 14, 2007, plaintiff sat on a backless bench in the Ohio Penal Industries building at TCI while waiting to get his legal mail. Corrections Captain Douglas Miller entered the building riding a bicycle. He rested the bicycle, with its kickstand in use, behind the bench where plaintiff was sitting. A few seconds after Miller entered the mail

room, inmate Scott Payne, sitting on a bench near plaintiff, exclaimed to plaintiff that the bicycle was falling. Plaintiff quickly turned his head, and when he saw the bicycle falling, he pivoted and jumped to get out of the way. As he pivoted, he felt a tear in his groin. The magistrate found that defendant's employee breached a duty of care and was negligent when he placed the bicycle immediately behind the bench where plaintiff sat.

{¶ 5} In reviewing defendant's objections, "the court must conduct an independent analysis of the underlying issues, undertaking the equivalent of a de novo determination and independently assessing the facts and conclusions contained in the magistrate's decision." *Shihab & Assoc. Co., LPA v. Ohio Dept. of Transp.,* 168 Ohio App.3d 405, 2006-Ohio-4456, ¶13.

{¶ 6} In its first objection, defendant asserts that Miller did not breach a duty owed to plaintiff. Miller testified that he rode the bicycle into the mail room; parked it behind a bench where inmates sat; and secured the kickstand. Miller admitted that it is common knowledge that a kickstand may not hold thereby causing a bicycle to fall over. The magistrate determined that Miller breached his duty when he parked the bicycle behind plaintiff despite his admitted knowledge that a bicycle can fall over even if a kickstand is used. Upon review of the transcript of the trial and the magistrate's decision, the court finds that the magistrate did not err in concluding that Miller breached his duty to plaintiff. Defendant next asserts that Miller's decision involved a high degree of official judgment and discretion. The Supreme Court of Ohio has held that "[t]he language in R.C. 2743.02 that 'the state' shall 'have its liability determined * * * in accordance with the same rules of law applicable to suits between private parties * * *' means that the state cannot be sued for its legislative or judicial functions or the exercise of an executive or planning function involving the making of a basic policy decision which is characterized by the exercise of a high degree of official judgment or discretion." *Reynolds v. State* (1984), 14 Ohio St.3d 68, 70; *Von Hoene v. State* (1985), 20 Ohio App.3d 363, 364. Prison administrators are provided "wide-ranging deference

in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish* (1979), 441 U.S. 520, 547. The court finds that Miller's decision to park the bicycle behind the bench where plaintiff was sitting is not characterized by a high degree of official judgment or discretion and that defendant is not entitled to discretionary immunity from suits arising out of such decisions. Therefore, upon review of the trial transcript, the court finds that the magistrate properly determined that Miller breached his duty of care when he parked his bicycle behind plaintiff. Defendant's first objection shall be overruled.

**{¶ 7}** In its second objection, defendant contends that plaintiff failed to prove that the falling bicycle was the proximate cause of his injury. Plaintiff testified that as he jumped to avoid the falling bicycle, he "yelled ow, and [he] felt something tear in [his] groin area." (Transcript, Page 14, Lines 14-15.) Further, the magistrate found that plaintiff felt a "pop" in his groin as he pivoted to avoid the falling bicycle.

**{¶ 8}** In *Mudrich v. Standard Oil Co.* (1950), 153 Ohio St. 31, 39, the court stated: "Whether an intervening act breaks the causal connection between negligence and injury depends upon whether that intervening cause was reasonably foreseeable by the one who was guilty of the negligence. If an injury is the natural and probable consequence of a negligent act and it is such as should have been foreseen in the light of all the attending circumstances, the injury is then the proximate result of the negligence. It is not necessary that the defendant should have anticipated the particular injury. It is sufficient that his act is likely to result in an injury to someone."

**{¶ 9}** Upon review of the trial transcript, the court finds that it was reasonably foreseeable, under the circumstances, that plaintiff might injure himself in his effort to avoid the danger created by the falling bicycle. Accordingly, the magistrate properly determined that plaintiff proved that the falling bicycle was the proximate cause of his injury. Defendant's second objection shall be overruled.

**{¶ 10}** Upon review of the record, the magistrate's decision and the objections, the court finds that the magistrate has properly determined the factual issues and

appropriately applied the law. Therefore, the objections are OVERRULED and the court adopts the magistrate's decision and recommendation as its own, including findings of fact and conclusions of law contained therein. Judgment is rendered in favor of plaintiff. The case will be set for trial on the issue of damages.

_____
JOSEPH T. CLARK
Judge

cc:

Emily M. Simmons                          Richard F. Swope
Assistant Attorney General                6480 East Main Street, Suite 102
150 East Gay Street, 18th Floor           Reynoldsburg, Ohio 43068
Columbus, Ohio 43215-3130

LP/JSO/cmd
Filed May 5, 2011
To S.C. reporter May 26, 2011