[Cite as *Bowen v. Ohio Dept. of Transp.*, 2011-Ohio-5549.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JAMES R. BOWEN JR.,

    Plaintiff,

    v.

THE OHIO DEPARTMENT OF TRANSPORTATION,

    Defendant.

Case No. 2011-04088-AD

Acting Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} On March 5, 2011, at approximately 9:55 p.m., plaintiff's son, Jay Bowen, was involved in an automobile accident while driving plaintiff's, James Bowen, 2001 Oldsmobile Intrigue on State Route 54 in South Vienna, Ohio. Plaintiff recalled that his son stated that, "an unknown vehicle passed him and he struck a large pothole on State Rt. 54. Jay said he then hit the bridge which damaged the car." Plaintiff explained he traveled to the scene, spoke with Officer Sullivan of the South Vienna police department, and took pictures of the pothole. Plaintiff observed damage to the vehicle's hood, front bumper, driver's side fender, and the driver's side tire and rim.

{¶ 2} Plaintiff has implied defendant, Department of Transportation (DOT), should bear liability for the damage to his car inasmuch as plaintiff's son lost control of the vehicle and careened into the wall only after driving into the pothole. Consequently, plaintiff filed this complaint seeking to recover $2,500.00, the estimated value of the car.

The filing fee was paid.

{¶ 3} Defendant denied having any knowledge of a pothole on State Route 54 at milepost 5.67 in Clark County prior to plaintiff's incident there. Defendant stated it "has no way of knowing or determining exactly how long the pothole existed in the roadway prior to [plaintiff's son's] incident." Defendant suggested the pothole "existed in that location for only a relatively short amount of time before [plaintiff's son's] incident."

{¶ 4} In addition, defendant pointed out that the accident report lists this incident as a "hit/skip traffic accident." The officer's report suggests that another driver attempted to pass plaintiff's vehicle, clipped the fender, and caused plaintiff's son to steer the car into a pothole which damaged the driver's side tire. Defendant contended plaintiff failed to prove his property damage was caused by any negligent act or omission on the part of DOT personnel.

{¶ 5} Plaintiff filed a response essentially reiterating the allegations in the complaint. Plaintiff submitted a series of photographs depicting a large, round pavement defect on the traveled portion of the roadway and abutting the white edgeline. Plaintiff specifically denies that the damage to the car was caused by the actions of another motorist.

{¶ 6} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 7} Evidence in the instant action tends to show plaintiff's damage was

caused by an act of an unidentified third party, not DOT.  Defendant has denied liability based on the particular premise it had no duty to control the conduct of a third person except in cases where a special relationship exists between defendant and either plaintiff or the person whose conduct needs to be controlled. *Federal Steel & Wire Corp. v. Ruhlin Const. Co.* (1989), 45 Ohio St. 3d 171, 543 N.E. 2d 769.  However, defendant may still bear liability if it can be established some act or omission on the part of DOT was the proximate cause of plaintiff's injury.  This court, as trier of fact, determines questions of proximate causation.  *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶ 8}  "'If any injury is the natural and probable consequence of a negligent act and it is such as should have been foreseen in the light of all the attending circumstances, the injury is then the proximate result of the negligence.  It is not necessary that the defendant should have anticipated the particular injury.  It is sufficient that his act is likely to result in an injury to someone.  *Neff Lumber Co. v. First National Bank of St. Clairsville, Admr.* (1930), 122 Ohio St. 302, 309, 171 N.E., 327.'" *Cascone v. Herb Kay Co.* (1983), 6 Ohio St. 3d 155, 160, 451 N.E. 2d 815, quoting *Mudrich v. Standard Oil Co.* (1950), 153 Ohio St. 31, 41 O.O. 117, 90 N.E. 2d 859.

{¶ 9}  For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries.  *Armstrong v. Best Buy Company, Inc.* 99 Ohio St. 3d 79, 81, 2003-Ohio-2573, ¶ 8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio Misc. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.  Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence.  *Barnum v.*

*Ohio State University* (1977), 76-0368-AD.  However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim.  If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden."  Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 10} In order to prove a breach of duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident.  *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388.  Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct.  *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179.  The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time the defective condition developed.  *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458.  There is no evidence that defendant had actual notice of the pothole on State Route 54 prior to the evening of March 5, 2011.

{¶ 11} Therefore, to find liability, plaintiff must prove that ODOT had constructive notice of the defect.  In order for there to be constructive notice, plaintiff must show that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence.  *Guiher v. Dept. of Transportation* (1978), 78-0126-AD .  Size of the defect is insufficient to show notice or duration of existence.  *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891.  "A finding of constructive notice is a determination the

court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard*, at 4. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. No evidence has shown that ODOT had constructive notice of the pothole.

{¶ 12} Generally, in order to recover in a suit involving damage proximately caused by roadway conditions including potholes, plaintiff must prove that either: 1) defendant had actual or constructive notice of the potholes and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. Plaintiff has not produced sufficient evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective conditions. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD.

{¶ 13} Plaintiff has failed to prove, by a preponderance of the evidence, that defendant failed to discharge a duty owed to plaintiff, or that plaintiff's injury was proximately caused by defendant's negligence. Plaintiff failed to show the damage-causing pothole at the time of the damage incident was connected to any conduct under the control of defendant or any negligence on the part of defendant. *Taylor v. Transportation Dept.* (1998), 97-10898-AD; *Weininger v. Department of Transportation* (1999), 99-10909-AD; *Witherell v. Ohio Dept. of Transportation* (2000), 2000-04758-AD. Therefore, defendant is not liable for any damage plaintiff may have suffered from the pothole.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JAMES R. BOWEN JR.,                                    Case No. 2011-04088-AD

    Plaintiff,

    v.                                                 Acting Clerk Daniel R. Borchert

THE OHIO DEPARTMENT OF TRANSPORTATION,

    Defendant.                                         ENTRY OF ADMINISTRATIVE
                                                       DETERMINATION


    Having considered all the evidence in the claim file and, for the reasons set forth

in the memorandum decision filed concurrently herewith, judgment is rendered in favor

of defendant.  Court costs are assessed against plaintiff.


                                            _____
                                            DANIEL R. BORCHERT
                                            Acting Clerk


Entry cc:

James R. Bowen, Jr.                          Jerry Wray, Director
14 Wildwood Drive                            Department of Transportation
South Charleston, Ohio  45368                1980 West Broad Street
                                             Columbus, Ohio  43223

6/28

Filed 7/19/11
Sent to S.C. reporter 10/27/11